HALL, Judge.
Defendants-appellants having been granted a suspensive and devolutive appeal from a money judgment rendered against them and the record having been lodged in this Court, plaintiff-appellee moves to dismiss the suspensive appeal on the ground that the appeal bond was not timely filed.
Judgment for plaintiff in the sum of $5,-600.00 plus interest and costs was rendered and signed by the Trial Judge on October 14, 1964 after answer filed and trial on the merits. Notice of the signing of the judgment was mailed to defendants by the Clerk of Court in accordance with LSA-C.C.P. Art. 1913 on the same date. No application for a new trial was filed.
On October 26, 1964 defendants applied and were granted a suspensive and devolu-tive appeal from the judgment of October 14 and the amount of the appeal bond was fixed at $8,000.00. Defendants did not file the appeal bond until November 30, 1964. The pertinent articles of the Code of Civil Procedure read in part as follows:
“Article 2123. Delay for taking sus-pensive appeal
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor famished, only within fifteen days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; * * *.” LSA-C.C.P. Art. 2123. (Emphasis supplied.)
“Art. 1974. Delay for applying for new trial
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice oi judgment as required by Article 19137
Since the notice of judgment was mailed by the clerk on October 14, 1964 the delays for applying for a new trial commenced to run on October 15, 1964 and expired on October 19, 1964 (Saturday October 17th and Sunday October 18th not being counted).
Obviously a bond filed on November 30, 1964 was not filed “within fifteen days of * * * the expiration of the delay for applying for a new trial,” and since the bond was not timely filed the appeal as *686 a suspensive appeal cannot be maintained and must be dismissed. Until the bond is furnished the appeal is not perfected.
However the appeal bond was filed well within the 90 day delay provided by LSA-C.C.P. 2087 for the taking of a devolutive appeal “and furnishing the security therefor.”
The appeal is therefore dismissed as a suspensive appeal but maintained as a de-volutive appeal. See Kitchen Center Inc. v. Treigle, La.App., 129 So.2d 95.
Suspensive appeal dismissed; devolutive appeal maintained.