392 So.2d 1054 (1981)
George PETERS, Husband of and Doris Peters and George Peters Enterprise
v.
LIFE GENERAL SECURITY INSURANCE CO.
No. 80-C-2855.
Supreme Court of Louisiana.
January 9, 1981.
Denied.
LEMMON, J., concurs with reasons.
MARCUS, DENNIS and WATSON, JJ., would grant the writ.
LEMMON, Justice, concurring in denial of certiorari.
In Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965) this court held that an appellant's failure to perfect a devolutive appeal timely was a jurisdictional defect and could be raised at any time, either by the appellee or by the court. However, the use of the term "jurisdictional" was imprecise and unfortunate.
The word "jurisdiction" means the legal power and authority of a court to determine a proceeding and to grant relief. C.C.P. art. 1. In appellate practice the term generally connotes the one of several courts which is the proper forum to modify or reverse a judgment of the trial court. However, when a devolutive appeal is filed after the expiration of the delay for appealing, the trial court judgment has acquired the authority of the thing adjudged [C.C. art. 3556(31)], and no court has the jurisdictional power and authority to modify or reverse. See also C.C.P. art. 1842. Thus, the defect resulting from the appellant's failure in this regard is not truly one based on lack of jurisdiction, but one based on concepts of res judicata.[1]
Accordingly, the defect resulting from a failure to perfect a devolutive appeal timely is one that strikes at the foundation of the right of appeal, and the urging of such a defect cannot properly be proscribed by the three-day limitation of C.C.P. art. 2161. Such a defect, of necessity, may be urged at any time and may be raised by the court on its own motion.
This reasoning does not apply, however, when (as in the present case) the appellant has timely obtained an order for a suspensive appeal, but has not timely furnished the required security. Under such circumstances the appeal is maintained as a devolutive appeal, and the judgment does not acquire the authority of the thing adjudged. Hill v. Gandolfo Realty Co., 171 So.2d 684 (La.App. 4th Cir. 1965). Of course, the appellee may obtain the dismissal of the suspensive appeal, but must move for dismissal within the three-day limitation imposed by C.C.P. art. 2161 for urging ordinary defects.
Therefore, a suspensive appeal with a tardily filed bond is subject to dismissal, but only if moved for before three days have elapsed after the return day or the lodging of the record on appeal. If the bond has been filed and that time period has elapsed, the suspensive appeal is no longer subject to dismissal.[2]
NOTES
[1] Of course, in the sense that no appellate court can acquire jurisdiction by an untimely devolutive appeal, the defect is jurisdictional. But the trial court does not retain jurisdiction under such circumstances, as the Orrell decision seemed to imply by referring to C.C.P. art. 2088, which merely delineates the point in time during an appeal at which certain pleadings must be filed in the appellate court rather than the trial court.
[2] Of course, if the security has never been furnished, the appellee has recourse to test the sufficiency and validity of the bond in the trial court pursuant to C.C.P. art. 5123 and may obtain a dismissal by that procedure.