499 So.2d 1070 (1986)
John JABBIA, Sr., Plaintiff-Appellee,
v.
Carl D. SANDERS, et al, Defendants-Appellants.
No. 85-1049.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Writ Denied December 12, 1986.
*1071 Stafford, Stewart & Potter, Russell L. Potter, Alexandria, Brittain & Williams, Joe Payne Williams, Natchitoches, for defendants-appellants.
Thomas, Dunahoe & Gregory, Edwin Dunahoe, Natchitoches, for plaintiff-appellee.
Before FORET, STOKER and KING, JJ.
FORET, Judge.
This suit arises out of an accident involving a truck operated by plaintiff, John Jabbia, Sr., and an automobile driven by a minor, Richard L. Sanders. Plaintiff filed suit against Carl D. Sanders, the father of the minor; the father's insurance company, Republic-Vanguard Insurance Company; and Shelter Mutual Insurance Company, plaintiff's uninsured and underinsured motorist carrier. Defendants requested a jury trial. Prior to trial, plaintiff entered into a settlement with his uninsured motorist carrier, Shelter Mutual Insurance Company, in which Shelter agreed to pay $5,000 to plaintiff and to waive its right of subrogation for $1,408.70 in medical expenses it had previously paid. Following the settlement, plaintiff reduced his demand to $10,000, the limit of the policy which Republic-Vanguard had issued to Sanders. As a result, the jury which had already been chosen was dismissed. On August 9, 1985, after trial on the merits, the trial court rendered judgment in favor of plaintiff for $10,000. Defendants, Sanders and Republic-Vanguard, obtained an order of appeal on August 19, 1985. The following day, plaintiff filed a motion for a new trial. In response, defendants filed an exception of lack of jurisdiction. The trial court denied defendants' exception, and defendants filed a motion for supervisory relief from the trial court's denial of their exception. This Court denied the writ on October 22, 1985. The trial court then granted plaintiff's motion for a new trial and rendered a judgment which reinstated its original award to plaintiff. Defendants again moved for an appeal from the court's judgment which was granted by the trial court on December 13, 1985.
Defendants' appeal, now before us, raises the following issues:
(1) Whether the trial court had jurisdiction to grant a motion for a new trial once it had entered an order of appeal;
(2) Whether the trial court erred in denying defendants' motion for a continuance;
(3) Whether the trial court erred in not reducing the judgment against defendants by the amount which plaintiff's uninsured motorist carrier had paid in settlement of plaintiff's claim; and,
(4) Whether the trial court's award was excessive.

JURISDICTION OF THE TRIAL COURT TO ORDER A NEW TRIAL
On August 19, 1985, the trial court signed an order of appeal granting a devolutive and suspensive appeal to defendants. The next day, on August 20, 1985, plaintiff filed a motion for new trial. In response, defendants filed an exception of lack of jurisdiction contending that the order of appeal divested the trial court of jurisdiction to hear a motion for a new trial. The *1072 trial court denied defendants' exception, and defendants sought supervisory relief from this Court. We denied that relief, finding that the trial court's denial of defendants' motion was correct. On appeal, defendants have once again raised the issue of the trial court's lack of jurisdiction, contending that the trial court did not have jurisdiction to grant or hear plaintiff's motion for a new trial.
Once again, we find that the signing of the order of appeal did not divest the trial court of jurisdiction to hear plaintiff's motion for a new trial. Plaintiff's motion for a new trial was timely filed on August 20, 1985. Although defendants had obtained an order of appeal the day before plaintiff filed his motion for a new trial, this did not divest the trial court of jurisdiction to hear this motion. The timely filing of a motion for a new trial holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the suit. LSA-C.C.P. art. 1971; Simmons v. Beauregard Parish School Board, 293 So.2d 226 (La.App. 3 Cir.1974); Billeaud v. Perry, 336 So.2d 539 (La.App. 3 Cir.1976). Since a timely motion for a new trial was filed in this case, the judgment was not final until that motion was granted and a final judgment rendered by the court on November 27, 1985. As a result, defendants' first appeal was premature and could not divest the trial court of jurisdiction to hear plaintiff's motion for a new trial.

MOTION FOR A CONTINUANCE
The granting of a continuance is discretionary with the trial court except when the mover demonstrates that one of the premptory grounds set forth in C.C.P. art. 1602 is present. Art. 1602 provides:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
In order to be entitled to a mandatory continuance, it is not enough that a material witness has absented himself; the mover must also demonstrate the materiality of the testimony of the missing witness. Gallin v. Travelers Insurance Co., 323 So.2d 908 (La.App. 4 Cir.1975), writ denied, 329 So.2d 452 (La.1976); Sather v. White, 388 So.2d 402 (La.App. 1 Cir.1980). In the present case, although the attorney for defendants did claim that he believed the testimony of Mr. Sanders would be material to the question of plaintiff's injuries, he did not specify in what manner it would be so. Mr. Sanders was not involved in the accident, nor was he present when the accident occurred. We conclude that defendants failed to show that Mr. Sanders' testimony was material and, therefore, were not entitled to a mandatory continuance. Additionally, it appears that the granting of a continuance would have served no purpose. At the time of trial, Mr. Sanders was unavailable to testify because he was hospitalized and seriously ill with cancer. Because of the seriousness of Mr. Sanders' condition, there apparently was little likelihood that he would ever be able to testify. Given these facts and the failure of defendants to show in what respect Mr. Sanders' testimony would be material to the case, the trial court's decision not to grant the continuance was correct.

REDUCTION OF THE JUDGMENT
Defendants contend that they were entitled to have the judgment against them reduced by the amount which plaintiff had received from his underinsured motorist carrier. Just before trial, plaintiff and his underinsured motorist carrier, Shelter Mutual Insurance Company, entered into a settlement agreement by which Shelter agreed to pay plaintiff $5,000 and waive its right to subrogation for the $1,408.70 it had already paid in medical expenses.
In Fertitta v. Allstate Insurance Co., 462 So.2d 159 (La.1985), our Supreme Court held that when a tort victim enters into a pre-trial settlement with his underinsured motorist carrier in which the underinsured *1073 motorist carrier waives any right of reimbursement or subrogation, a judgment against the tort feasor for the full amount of the victim's damages must be reduced by the amount of the victim's pre-trial settlement. In his brief, counsel for plaintiff has admitted that the present case is indistinguishable from Fertitta except, he claims, that the judgment rendered in favor of plaintiff was not for the full amount of plaintiff's damages.
Plaintiff's original demand was for $72,500. Following his settlement with his underinsured motorist carrier, he reduced his demand to $10,000. In so doing, plaintiff deprived defendants of the right to a jury trial, which defendants had asserted. The jury, which had already been selected, was dismissed and the case proceeded to trial before the judge alone. At the conclusion of trial, the court rendered judgment for $10,000 in accordance with plaintiff's reduced demand. Plaintiff contends that the judgment does not represent the full amount of plaintiff's damages. He contends that his damages were, in fact, far in excess of $10,000 and that, therefore, the judgment should not be reduced by the amount received from plaintiff's underinsured motorist carrier. We, however, think that plaintiff is bound by the judgment as rendered by the trial court. Having voluntarily reduced his demand, and thereby depriving defendants of their right to a jury trial, plaintiff cannot now claim that he was entitled to more than the amount of his demand. In effect, the $10,000 judgment represents a judicial determination of the amount of plaintiff's damages, and plaintiff is bound by that determination. Plaintiff had the right to attempt to prove any damages he might have suffered in excess of $10,000, but he voluntarily gave up that right and, thereby, precluded defendants from asserting their right to a jury trial. Plaintiff cannot now claim that the amount of the judgment was not the full amount of his damages.
In the trial court's judgment following its granting of a new trial, the trial court attempted to clarify its original judgment by declaring that the $10,000 award should not be subject to any deduction, offset, or credit for any funds paid by plaintiff's underinsured motorist carrier. This attempt by the trial court to clarify its judgment does not affect our opinion with respect to defendants' entitlement to a reduction of the judgment. The trial court's judgment was for $10,000, and the fact that the trial court was of the opinion that it should not be offset makes no difference. Our Supreme Court, in Fertitta, supra, has determined that, as a matter of law, such a judgment must be reduced by the amount received by the victim from his underinsured motorist carrier. Accordingly, the $10,000 award of the trial court must be reduced by $6,408.70, the amount plaintiff's underinsured motorist carrier paid to plaintiff.

QUANTUM
Defendants contend that the award of the trial court was excessive. After a careful review of the record, we find that the trial court did not abuse its discretion in fixing the amount of plaintiff's damages. We affirm the court's award with the understanding that it must be reduced in accordance with the views set forth above.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in part and amended in part as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of John Jabbia, Sr. and against Carl D. Sanders and Republic-Vanguard Insurance Company in the sum of THREE THOUSAND FIVE HUNDRED NINETY-ONE AND 30/100 ($3,591.30) DOLLARS, together with legal interest thereon from date of judicial demand until paid.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED, AS AMENDED.