521 So.2d 686 (1988)
William F. SCHENKER, Sr.
v.
Charles A. WATKINS, Elleanor J. Watkins, and Kenneth W. Watkins.
No. 87 CA 1638.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*687 William H. Edwards, Metairie, for plaintiff, appellant, William Schenker, Sr.
William J. Crain, Covington, for defendant, appellant, Kenneth W. Watkins.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
Plaintiff, William F. Schenker, Sr., filed a motion to dismiss this suspensive appeal taken by defendant Kenneth Watkins for failure to file an appeal bond.
The relevant dates are:
March 9, 1987 - Trial held and
 matter taken under
 advisement;
July 28, 1987 - Judgment rendered
 and signed
 and notice of
 judgment mailed;
August 25, 1987 - Motion for suspensive
 appeal
 filed by defendant,
 Kenneth Watkins;
October 5, 1987 - Estimated costs
 of appeal paid;
November 12, 1987 - Record lodged
 with this court;
November 19, 1987 - Return day;[1]
December 7, 1987 - Motion to dismiss
 suspensive appeal
 filed by plaintiff.
It is undisputed that defendant failed to file an appeal bond. Plaintiff argues defendant's suspensive appeal should be dismissed because an appeal bond was not filed. Defendant argues that, while his failure to post a bond defeats his request for a suspensive appeal, his appeal should be maintained as devolutive.
LSA-C.C.P. art. 2161 provides that except as provided in LSA-C.C.P. art. 2162, a motion to dismiss an appeal because of an irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record is lodged in the appellate court, whichever is later. Under LSA-C.C.P. art. 2162, the appellate court may dismiss an appeal at any time for jurisdictional defects or because there is no right to appeal, either on the court's own motion or upon motion of any party. See Peters v. Life General Security Insurance Co., 392 So.2d 1054 (La.1981), (Lemmon, J., concurring in denial of certiorari).
The failure to timely file a suspensive appeal bond is not considered to be a jurisdictional defect, but an ordinary one which must be raised within the three-day period provided for in LSA-C.C.P. art. 2161. We note in Peters that a suspensive appeal bond was filed although untimely, and the motion to dismiss for failing to timely file the suspensive appeal bond was not within the three-day limitation imposed by LSA-C.C.P. art. 2161. However, in the case sub judice, counsel for appellant frankly admits that an appeal bond was not filed and was unobtainable.
In Peters, supra, the court stated:
This reasoning does not apply, however, when (as in the present case) the appellant has timely obtained an order for a suspensive appeal, but has not timely furnished the required security. Under such circumstances the appeal is maintained as a devolutive appeal, and the judgment does not acquire the authority of the thing adjudged. Hill v. Gandolfo Realty Co., 171 So.2d 684 (La. App. 4th Cir.1965). Of course, the appellee may obtain the dismissal of the suspensive appeal, but must move for dismissal within the three-day limitation imposed *688 by C.C.P. art. 2161 for urging ordinary defects. [392 So.2d at 1054]
In the interest of judicial economy, where all parties agree that a suspensive appeal bond has not been filed and is unobtainable and all requirements for a devolutive appeal have been met, the appeal should be maintained as a devolutive one without remanding the case to the trial court.
In the instant case, where all parties agree a suspensive appeal bond was not filed and can not be obtained, it would be a vain and useless act to refuse to dismiss the suspensive appeal. Nevertheless, when a suspensive appeal is dismissed as not being timely perfected, it can still be considered a devolutive appeal if all requirements are met. Peters v. Life General Security Insurance Co., supra. Since appeal bonds are no longer required for devolutive appeals under LSA-C.C.P. art. 2124 and the appellant has fulfilled all the requirements for devolutive appeal, we will consider this appeal as devolutive in nature. Peters v. Life General Security Insurance Co., supra; Cox v. Southern Colonial Investment, Inc., 393 So.2d 146 (La. App. 1st Cir.1980); Letulle v. S & E Oil Company, 384 So.2d 598 (La.App. 3rd Cir. 1980).
For the reasons assigned, the motion to dismiss is granted insofar as it seeks dismissal of the suspensive appeal; however, we retain jurisdiction to review this matter as a devolutive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED; DEVOLUTIVE APPEAL MAINTAINED.
NOTES
[1] Although the trial court set a return day for plaintiff's devolutive appeal, it did not set a return day for defendant's suspensive appeal. Consequently, under LSA-C.C.P. art. 2125, the return day was forty-five days from the date the estimated costs were paid since there was testimony to be transcribed.