552 So.2d 790 (1989)
Frank PETITTO
v.
Robert McMICHAEL, et al.
No. CA 88 1439.
Court of Appeal of Louisiana, First Circuit.
November 15, 1989.
*791 Ernest Drake, Jr., Ponchatoula, for plaintiff-appellant.
Charles M. Hughes, Bogalusa, for defendant-appellee Robert McMichael and La. Farm Bureau.
Alton Lewis, Jr., Hammond, Charles M. Reid, Amite, for appellee, George Phillip McMichael, et al.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This action is a suit in tort which alleges the weed spraying operations of the defendants caused damage to the plaintiff's bell pepper crop. A trial by jury was held and verdicts were returned which found (1) the plaintiff suffered damages to his pepper crop, (2) the damage was caused by the conduct of the defendants, (3) the conduct of the defendants was below the standard applicable to the defendants, and (4) the plaintiff's damages were $50,984. Judgment was rendered in favor of the plaintiff in accordance with these verdicts. Pursuant to La.C.C.P. art. 1811, the defendants filed motions for judgment notwithstanding the verdicts (JNOV), and, in the alternative, motions for new trial. A hearing was held on the motions and the trial court took them under advisement. The trial court subsequently rendered a JNOV in favor of the defendants and dismissed the plaintiff's demands at his costs. The trial court did not rule on the motions for new trial. The plaintiff took this devolutive appeal.

APPELLATE JURISDICTION OF THIS COURT
La.C.C.P. art. 1811(C)[1] provides as follows:
C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
(Emphasis added)
When used in the Code of Civil Procedure, the word "shall" is mandatory. La.C.C.P. art. 5053. Cf. La.R.S. 1:3; La.C.Cr.P. art. 5; La.C.J.P. art. 4; Succession of Holloway, 531 So.2d 431 (La.1988); Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d 1134 (La.App. 1st Cir.), writ denied, 523 So.2d 863 (La.1988). On the face of the record before us, the trial court did not rule on the defendants' motions for a new trial, and, thus, failed to comply with the mandatory duty imposed by Article 1811.
The apparent purpose of paragraph (C)(1) of Article 1811 is to preserve *792 the statutory right to seek a new trial for a party who successfully moves for a JNOV. Stated another way, Article 1811(C)(1) prevents a party who successfully moves for a JNOV from procedurally losing his right to seek a new trial. A JNOV may be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions. Scott v. Hospital Service District No. 1 of Parish of St. Charles, 496 So.2d 270 (La.1986); Doming v. K-Mart Corporation, 540 So.2d 400 (La. App. 1st Cir.1989). However, a new trial can be granted (1) where the judgment is clearly contrary to the law and the evidence, (2) newly discovered evidence has been found, (3) there was improper jury behavior, or (4) there is a good ground therefor. La.C.C.P. art. 1971 et seq. Thus, even if a party were not successful in a motion for JNOV, there are other grounds upon which he could be successful in a motion for a new trial.
Article 1811(C)(1) addresses the procedural problem created in the trial and appellate courts when a party moves for a JNOV and a new trial and the JNOV is granted. What happens to the motion for a new trial? If the trial court fails to act on the motion for a new trial, and the losing party successfully appeals the JNOV, the party obtaining the JNOV procedurally will lose his motion for a new trial if the appellate court proceeds to address the merits of the case. Further, under Louisiana law[2], a jurisdictional problem is created if the trial court fails to act on the pending motion for a new trial. It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature (and subject to dismissal) because the motion suspends the operation of the final judgment being appealed. Jabbia v. Sanders, 499 So.2d 1070 (La.App. 3rd Cir.), writ denied, 501 So.2d 198 (La.1986); First Homestead Federal Savings and Loan Association v. Henry, 492 So.2d 116 (La.App. 1st Cir. 1986); Palgrave v. Tallieu, 483 So.2d 678 (La.App. 5th Cir.1986).
Paragraph C of Article 1811 achieves three goals; it (1) ensures that the party moving jointly for JNOV and new trial will have "his day in court" on the new trial motion, (2) harmonizes Article 1811 with La.C.C.P. arts. 2087, 2121 and 2123, and (3) precludes a piecemeal appeal of the case. Because the trial court failed to perform the mandatory duty to rule on the motions for new trial, these motions are still pending. La.C.C.P. art. 2121 provides that "[A]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." (Emphasis added). When a timely motion for a new trial has been filed, the delay for taking an appeal does not commence to run until the motion for a new trial has been denied. La.C. C.P. arts. 2087 and 2123. Because the motions for new trial in this case are still pending, the plaintiff herein had no right to appeal under either Article 2087 or Article 2123. This court has no appellate jurisdiction to hear this case because the trial court has not been properly divested of its original jurisdiction. This court may, at any time and on our own motion, dismiss an appeal if it was taken when there was no legal right to do so. La.C.C.P. art. 2162; Schenker v. Watkins, 521 So.2d 686 (La. App. 1st Cir.1988).
We note that at least two courts of appeal have ruled on the merits of judgments granting JNOV when the trial court failed to rule on pending motions for new trial. Giraud v. Johns, 523 So.2d 931 (La. App. 4th Cir.), writ denied, 531 So.2d 282 (La.1988); Hardin v. Munchies Food Store, 510 So.2d 33 (La.App. 2nd Cir.1987). However, in each case the court thereafter remanded the case to the trial court, and directed the trial court to rule on the motion for new trial, in compliance with Article 1811. This procedure resulted in a piecemeal appeal of the case. Further, if the trial court thereafter was to grant the *793 new trial, the action of the appellate court on the JNOV would be rendered meaningless. Finally, when a JNOV is ruled upon in this procedural posture, the appellate court does not have before it the trial court's reasons for conditionally granting or denying the new trial. Those reasons could be helpful in deciding a proper disposition of the case. Even if there was no jurisdictional problem with this procedure, judicial efficiency would seem to dictate a remand for compliance with Article 1811 prior to ruling on the JNOV.

DECREE
For the foregoing reasons, the plaintiff's appeal is dismissed, and this case is remanded to the trial court for compliance with La.C.C.P. art. 1811(C).[3] The plaintiff is cast for the cost of this appeal.
APPEAL DISMISSED: REMANDED.
NOTES
[1] The source of La.C.C.P. art. 1811 is Fed.R. Civ.P. 50. Article 1811 was first enacted by Acts 1982, No. 41 as La.C.C.P. art. 1810.1. It was amended by Acts 1983, No. 534 to become Article 1811. It was also amended by Acts 1984, No. 40.
[2] Apparently, under federal law a JNOV is appealable even though the trial court failed to act on a motion for a new trial filed with it. C. Wright and A. Miller, 9 Federal Practice and Procedure §§ 2539-2540 (1971).
[3] This action has been in court since October 28, 1981. After the trial court has complied with La.C.C.P. art. 1811(C), if any party wishes thereafter to appeal, he may wish to request an expedited appeal.