594 So.2d 517 (1992)
STATE of Louisiana Through the DEPT. OF TRANSPORTATION & DEVELOPMENT
v.
Alfred SCRAMUZZA, et al.
Nos. 91-CA-162 through 91-CA-172.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*518 Ronald J. Bertrand, Rayne, for plaintiff-appellant.
Thomas Lee, Harahan, Mack E. Barham, Robert E. Arceneaux, Barham & Markle, PLC, New Orleans, for defendants-appellees.
Before FINK, J. Pro Tem., and KLIEBERT and BOWES, JJ.
FINK, Judge Pro Tem.
The State of Louisiana, Department of Transportation and Development (hereafter called DOTD), appeals a judgment in eleven consolidated expropriation suits regarding properties located in St. Charles Parish. The defendant landowners in the respective cases are Alfred Scramuzza (Nos. 91-CA-162 and 91-CA-163) 594 So.2d 521; Patricia Terranova and Margaret Terranova (No. 91-CA-164) 594 So.2d 522; John M. Key, Alice Fuselier Key, John Scott Key and Shelby Stumpf Key (No. 91-CA-165) 594 So.2d 525; Floyd H. Putnam and Christiane P. Putnam (No. 91-CA-166) 594 So.2d 522; John L. Rumold, Helen E. Rumold, Joseph J. LaFranca, Jr. and Ninette V. LaFranca (No. 91-CA-167) 594 So.2d 523; Louis P. Martin (No. 91-CA-168) 594 So.2d 523; Kwong Yet Lee and Henry Lee (No. 91-CA-169) 594 So.2d 523; Pauline Landis Babin, Lawrence L. Babin, Louis L. Babin, Jr., Yvonne Babin Yankovich and Vivian Babin Piazza (No. 91-CA-170) 594 So.2d 524; Robert J. Doskey, individually and doing business as American Land and Development Company (No. 91-CA-171) 594 So.2d 524; and Larsen Motor Lines, Inc. (91-CA-172) 594 So.2d 525. Hereafter we refer to the defendants collectively as the landowners.
In the summer of 1988 DOTD filed these suits to expropriate the properties for construction of a highway interchange at Airline Highway and Interstate 310 in St. Charles Parish. The parcels are located in an area known as the Old Kenner Landfill and are part of Beltway Industrial Park, a "paper" subdivision approved by the Parish in 1969 but never developed.
The subdivision consists of varying-sized lots of vacant and unimproved land. The only parcel with frontage on Airline Highway belongs to Larson Motor Line Company and that frontage is severed from direct access to the highway by a borrow pit or ditch. No streets have ever been constructed. The sole access is over a bridge and a dirt road built for the landfill purposes. There is a shooting range used by a local police department at the rear of the area.
A jury trial was held on December 4 and 5, 1989, to establish values for the land taken and severance damages to two plots. One appraiser testified on each side: Carlos Pumilia for the landowners and Jack Evans for DOTD. After the trial, the jury returned a verdict awarding compensation of $.38 per square foot to all of the landowners except Larson Motor Line Co., which received $.86 per square foot. The verdict corresponded to Evans' values.
Following the jury verdict, the landowners filed motions for judgment notwithstanding the verdict and for new trial and/or for additur. On September 21, 1990, the trial judge granted judgment notwithstanding the verdict, increasing the compensation for the land taken to $1.75 per square foot for all the defendants except Larson. Larson's award was increased to $2.23 per square foot. The judge also awarded attorney fees in the amount of $50,000, subsequently increased to $125,000 pursuant to post-trial motions. The judge allowed the severance damages awarded by the jury to stand.
From that judgment DOTD takes this appeal.

MOTION TO DISMISS
After the record was lodged in this court the Landowners filed a motion to dismiss the appeal, contending the order of appeal is void because the attorney who signed the *519 petition for appeal had failed to file a motion to be added or substituted as counsel of record.
DOTD was represented prior to and during trial by Frederick J. Fuselier of the DOTD's Office of General Counsel. Fuselier signed the pleadings as follows:
 LOUISIANA DEPARTMENT OF
 TRANSPORTATION & DEVELOPMENT
 OFFICE OF THE GENERAL COUNSEL
 BY: 
 Of Counsel
TRIAL ATTORNEY:
Frederick J. Fuselier
Sr. Assistant General Counsel
P.O. Box 94245
Baton Rouge, LA XXXXX-XXXX
PH: (504) 379-1055
DOTD's petition for appeal was filed by Ronald J. Bertrand, the present attorney. Bertrand signed the petition for appeal as follows:
 LOUISIANA DEPARTMENT OF
 TRANSPORTATION & DEVELOPMENT
 OFFICE OF THE GENERAL COUNSEL
 BY: 
 RONALD J. BERTRAND
 BAR ROLL #3060
 POST OFFICE BOX 5
 RAYNE, LOUISIANA XXXXX-XXXX
 PHONE: (318) 334-2139
 ATTORNEY FOR STATE OF LOUISIANA,
 DEPARTMENT OF TRANSPORTATION &
 DEVELOPMENT
Bertrand's legal stationery is imprinted with "Law Offices of Bertrand & Soileau," making it apparent that he is private counsel hired by DOTD for purposes of the appeal.
Neither the Code of Civil Procedure nor the Revised Statutes require that an attorney must file a motion in order to be recognized as counsel of record for a client. LSA-C.C.P. art. 863 states, "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated." LSA-C.C.P. art. 864 provides, "An attorney may be subjected to appropriate disciplinary action for a willful violation of any provision of Article 863...." LSA-C.C.P. art. 865 states, "Every pleading shall be construed so as to do substantial justice."
Rule IV, Rules of the Twenty-Ninth Judicial District Court (in which this action arose), states in pertinent part:
Section B. Each pleading shall be signed by an attorney, or if in proper person, by the litigant.
* * * * * *

*520 Section C. If a law firm or more than one attorney represents a party, one attorney will be designated in the first pleading filed on behalf of that party as trial attorney. This attorney may, but need not be, the attorney who personally signs the pleadings. The Trial Attorney will be responsible for the case and all communications with respect to it will be directed to him. The designation of Trial Attorney may be changed at any time by ex parte motion.
The Uniform Rules of Louisiana Courts of Appeal provide that "counsel of record" is to be notified by the clerk of court upon filing of the record and docketing of the case (Rule 2-5.2); that only "counsel of record" are permitted to withdraw records from the clerk's office (Rule 2-6); that pleadings filed originally in a Court of Appeal shall bear "the name of counsel filing the motion or pleading" (Rule 2-7.2); that no counsel may withdraw without leave of court and that withdrawal shall be upon motion and order (Rules 2-10.1, 2-10.2); that the cover or title page of briefs shall state "the name of counsel, with address and telephone number, by whom the brief is filed, and a designation of the parties represented, and a designation of `appeal counsel'" (Rule 2-12.3); and that all notices or copies of papers which the clerk is required to provide parties shall be delivered or mailed to "appeal counsel of record" (Rule 2-20).
The Office of the General Counsel for the Department of Transportation and Development is the "law firm" in this case. Fuselier was the Trial Attorney and was so designated in the original petition. Bertrand is additional counsel; Fuselier, as the Trial Attorney, is still responsible for the case. We find no requirement in the law that an attorney file a motion in order to become "counsel of record"; rather, we conclude, any time an attorney signs a pleading he becomes a "counsel of record." Rules and regulations regarding designation of one attorney as "trial attorney" or "appellate counsel" are for the convenience of the court in mailing notices and other communications regarding the case.
Accordingly, Bertrand's failure to file a motion to be added as counsel is not ground for dismissal of this appeal. The motion to dismiss on that basis is denied.

JURISDICTION OF THIS COURT
On our own motion, however, the appeal must be dismissed for prematurity and the matter must be remanded. Following submission of this case for decision following oral argument, we reviewed the record, examining the pleadings and reviewing jurisprudence on LSA-C.C.P. art. 1811 (which governs procedure on motions for judgment notwithstanding the verdict). In so doing we discovered that the judgment is not final and, therefore, the appeal is premature because the district court failed to issue a ruling on the motion for new trial that was joined with the motion for judgment notwithstanding the verdict.
LSA-C.C.P. art. 1811(C) provides as follows:
C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
(Emphasis added.)
The First Circuit examined this problem in Petitto v. McMichael, 552 So.2d 790, 791-792 (La.App. 1 Cir.1989);
When used in the Code of Civil Procedure, the word "shall" is mandatory. La.C.C.P. art. 5053. Cf. La.R.S. 1:3; La. *521 C.Cr.P. art. 5; La.C.J.P. art. 4; Succession of Holloway, 531 So.2d 431 (La. 1988); Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d 1134 (La. App. 1st Cir.), writ denied, 523 So.2d 863 (La.1988). On the face of the record before us, the trial court did not rule on the defendants' motions for a new trial, and, thus, failed to comply with the mandatory duty imposed by Article 1811.
* * * * * *
Article 1811(C)(1) addresses the procedural problem created in the trial and appellate courts when a party moves for a JNOV and a new trial and the JNOV is granted. What happens to the motion for a new trial? If the trial court fails to act on the motion for a new trial, and the losing party successfully appeals the JNOV, the party obtaining the JNOV procedurally will lose his motion for a new trial if the appellate court proceeds to address the merits of the case. Further, under Louisiana law, a jurisdictional problem is created if the trial court fails to act on the pending motion for a new trial. It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature (and subject to dismissal) because the motion suspends the operation of the final judgment being appealed.
* * * * * *
Because the trial court failed to perform the mandatory duty to rule on the motions for new trial, these motions are still pending. La.C.C.P. art. 2121 provides that "[A]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." (Emphasis added). When a timely motion for a new trial has been filed, the delay for taking an appeal does not commence to run until the motion for a new trial has been denied. La.C.C.P. arts. 2087 and article 2123. Because the motions for ne trial in this case are still pending, the plaintiff herein had no right to appeal under either article 2087 or article 2123. This court has no appellate jurisdiction to hear this case because the trial court has not been properly divested of its original jurisdiction. This court may, at any time and on our own motion, dismiss an appeal if it was taken when there was no legal right to do so. La.C.C.P. art. 2162; Schenker v. Watkins, 521 So.2d 686 (La.App. 1st Cir. 1988).
Unfortunately, neither we nor the parties noticed this error prior to submission of the case. Having noticed it now, however, we cannot render judgment on the merits because the trial court was never divested of jurisdiction and, therefore, this court's jurisdiction never attached. See Jabbia v. Sanders, 499 So.2d 1070 (La.App. 3 Cir. 1986); Palgrave v. Tallieu, 483 So.2d 678 (La.App. 5 Cir.1986).

DECREE
For the foregoing reasons, the plaintiff's appeal is dismissed, and this case is remanded to the district court for compliance with LSA-C.C.P. art. 1811(C).
APPEAL DISMISSED; CASE REMANDED.