597 So.2d 1250 (1992)
Louise BOWERS & William Pascal Bowers, Plaintiffs-Appellees,
v.
Catherine R. VIATOR, Allstate Insurance Company, State Farm Mutual Automobile Insurance Company (Catherine R. Viator Opiela), Defendants-Appellants (State Farm).
No. 90-1071.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Melissa J. Reardon, Lafayette, for appellant.
Joseph A. Koury, Samuel D. Abraham, Lafayette, for plaintiffs appellees.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell John W. Penny, Jr., Lafayette, for Catherine Viator.
Before DOUCET and KNOLL, JJ., and COREIL[*], J. Pro Tem.
DOUCET, Judge.
This appeal arises out of a suit for damages incurred when the vehicle driven by the plaintiff, Louise Bowers, was hit from behind by the vehicle driven by the defendant, Viator Opiela. Ms. Bowers and her husband filed suit naming as defendants, Opiela, her liability insurer, Allstate Insurance Company (Allstate), and State Farm Mutual Automobile Insurance Company (State Farm) as uninsured motorist carrier for the Bowers. The plaintiffs settled their claim against Opiela and Allstate for the policy limits of $25,000.00.
A jury trial was held on November 28-30, 1989. After deliberation the jury returned a verdict finding the plaintiff to have been 5% at fault and the defendant to have been 95% at fault. The jury found that the plaintiff had incurred $25,000.00 in damages divided as follows:

Lost earningspast $ -0-
 __________
Lost earnings or earning
 capacityfuture $ -0-
 __________
Medical expensespast $ 16,000
 __________
Medical expensesfuture $ 9,000
 __________
Physical pain and suffering
 past, present and future $ -0-
 __________
Mental anguish and distress
 past, present and
 future $ -0-
 __________

The jury refused to make an award to Mr. Bowers for loss of consortium. The trial judge taxed State Farm with a share of the court costs although the judgment *1251 rendered was too low to require payment by State Farm as UM carrier.
Pursuant to La.C.C.P. Art. 1811, the plaintiff filed a motion for judgment notwithstanding the verdict (JNOV) and, in the alternative, a motion for new trial. The defendant, State Farm, filed a motion for a partial new trial on the issue of court costs. After a hearing, the trial judge rendered a JNOV adding to the jury's award an award of general damages in the amount of $65,000.00. The trial judge, in his reasons for ruling, found State Farm's motion for partial new trial to be moot. He did not rule on the plaintiff's motion for new trial. State Farm appeals. The plaintiffs answered the appeal.
We dismiss the appeal as premature.
La.C.C.P. art. 1811(C)[1] provides as follows:
C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.
(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.
(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
(Emphasis added)
When used in the Code of Civil Procedure, the word "shall" is mandatory. La.C.C.P. art. 5053. Cf. La.R.S. 1:3; La. C.Cr.P. art. 5; La.C.J.P. art. 4; Succession of Holloway, 531 So.2d 431 (La. 1988); Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d 1134 (La. App. 1st Cir.), writ denied, 523 So.2d 863 (La.1988).
* * * * * *
The apparent purpose of paragraph (C)(1) of Article 1811 is to preserve the statutory right to seek a new trial for a party who successfully moves for a JNOV. Stated another way, Article 1811(C)(1) prevents a party who successfully moves for a JNOV from procedurally losing his right to seek a new trial. A JNOV may be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions. Scott v. Hospital Service District No. 1 of Parish of St. Charles, 496 So.2d 270 (La.1986); Doming v. K-Mart Corporation, 540 So.2d 400 (La.App. 1st Cir.1989). However, a new trial can be granted (1) where the judgment is clearly contrary to the law and the evidence, (2) newly discovered evidence has been found, (3) there was improper jury behavior, or (4) there is a good ground therefor. La.C.C.P. art. 1971 et seq. Thus, even if a party were not successful in a motion for JNOV, there are other grounds upon which he could be successful in a motion for a new trial.
Article 1811(C)(1) addresses the procedural problem created in the trial and appellate courts when a party moves for a JNOV and a new trial and the JNOV is granted. What happens to the motion for a new trial? If the trial court fails to act on the motion for a new trial, and the losing party successfully appeals the JNOV, the party obtaining the JNOV procedurally will lose his motion for a new trial if the appellate court proceeds to address the merits of the case. Further, under Louisiana law[2], a jurisdictional problem is created if the trial court fails to act on the pending motion for a new trial. It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature (and subject to dismissal) because the motion suspends the operation of the final judgment being appealed. Jabbia v. Sanders, 499 So.2d 1070 (La.App. 3rd Cir.), writ denied, 501 So.2d 198 (La. 1986); First Homestead Federal Savings and Loan Association v. Henry, *1252 492 So.2d 116 (La.App. 1st Cir.1986); Palgrave v. Tallieu, 483 So.2d 678 (La. App. 5th Cir.1986).
Paragraph C of Article 1811 achieves three goals; it (1) ensures that the party moving jointly for JNOV and new trial will have "his day in court" on the new trial motion, (2) harmonizes Article 1811 with La.C.C.P. arts. 2087, 2121 and 2123, and (3) precludes a piecemeal appeal of the case. Because the trial court failed to perform the mandatory duty to rule on the motions for new trial, these motions are still pending. La.C.C.P. art. 2121 provides that "[A]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." (Emphasis added). When a timely motion for a new trial has been filed, the delay for taking an appeal does not commence to run until the motion for a new trial has been denied. La.C.C.P. arts. 2087 and 2123. Because the motions for new trial in this case are still pending, the plaintiff herein had no right to appeal under either Article 2087 or Article 2123. This court has no appellate jurisdiction to hear this case because the trial court has not been properly divested of its original jurisdiction. This court may, at any time and on our own motion, dismiss an appeal if it was taken when there was no legal right to do so. La.C.C.P. art. 2162; Schenker v. Watkins, 521 So.2d 686 (La.App. 1st Cir. 1988).
We note that at least two courts of appeal have ruled on the merits of judgments granting JNOV when the trial court failed to rule on pending motions for new trial. Giraud v. Johns, 523 So.2d 931 (La.App. 4th Cir.), writ denied, 531 So.2d 282 (La.1988); Hardin v. Munchies Food Store, 510 So.2d 33 (La.App. 2nd Cir.1987). However, in each case the court thereafter remanded the case to the trial court, and directed the trial court to rule on the motion for new trial, in compliance with Article 1811. This procedure resulted in a piecemeal appeal of the case. Further, if the trial court thereafter was to grant the new trial, the action of the appellate court on the JNOV would be rendered meaningless. Finally, when a JNOV is ruled upon in this procedural posture, the appellate court does not have before it the trial court's reasons for conditionally granting or denying the new trial. Those reasons could be helpful in deciding a proper disposition of the case. Even if there was no jurisdictional problem with this procedure, judicial efficiency would seem to dictate a remand for compliance with Article 1811 prior to ruling on the JNOV.
Petitto v. Hall, 552 So.2d 790, 791-793 (La.App. 1st Cir.1989).
On the face of the record before us, the trial court did not rule on the plaintiffs' motion for a new trial, thereby failing to comply with the mandates of La.C.C.P. art. 1811 as discussed in Petitto, supra.
Accordingly, the appeal is dismissed. The case is remanded to the trial court for a ruling on the motions for new trial in compliance with La.C.C.P. art. 1811. Costs of this appeal are to be paid by State Farm.
APPEAL DISMISSED; REMANDED.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The source of La.C.C.P. art. 1811 is Fed.R.Civ.P. 50. Article 1811 was first enacted by Acts 1982, No. 41 as La.C.C.P. art. 1810.1. It was amended by Acts 1983, No. 534 to become Article 1811. It was also amended by Acts 1984, No. 40.
[2] Apparently, under federal law a JNOV is appealable even though the trial court failed to act on a motion for a new trial filed with it. C. Wright and A. Miller, 9 Federal Practice and Procedure §§ 2539-2540 (1971).