GUIDRY, Judge.
In this suit for the partition of community property, defendant, Wanda Beall Rolak Pogue, appeals a trial court judgment in favor of Gilbert A. Rolak for $17,629.98, representing one-half of community funds expended to improve the defendant’s separate property.
FACTS
Gilbert Rolak and Wanda Beall Rolak were married January 23, 1982 and established their matrimonial domicile in a house which was the separate property of Wanda. The couple physically separated in late July or early August, 1983. The community of acquets and gains existing between them was dissolved effective August 2, 1983 and they were divorced on February 15, 1985. Thereafter, Gilbert filed this suit seeking reimbursement for community funds expended to improve Wanda’s separate property.
During their short marriage, the Rolaks made extensive improvements to the marital home. An existing carport was enclosed to add an additional bedroom with fireplace and separate bath; a pool and covered patio were added, along with a workshop; and, the kitchen was remodeled to include a trash compactor and dishwasher.
At trial, defendant argued that all improvements made to her separate property were gifts (donations) from Gilbert and thus plaintiff is due no reimbursement. The trial court concluded, in written reasons for judgment, that “... Mr. Rolak intended to donate the disputed property to Mrs. Rolak”. Pursuant to this factual determination, the trial court found that certain items (a washing machine and a trash compactor) purchased with the proceeds of the loan were movables and thus, under La.C.C. art. 1539, were manual gifts and validly given. However, the trial judge found that the improvements to appellant’s home were immovable and that no valid donation of such improvements was accomplished. Appellant disputes the latter conclusion. We affirm.
OPINION
The improvements to Wanda’s home were financed by a loan taken out by Gilbert on his separate property. Inasmuch as this was an obligation incurred by one of the spouses during the existence of their community regime for their then common interest, there is no doubt, and it is not suggested otherwise, that said loan constituted a community obligation. See La.C.C. art. 2360.
Pertinent articles of the Louisiana Civil Code provide as follows:
Art. 462. Tracts of land
Tracts of land, with their component parts, are immovables.
Acts 1978, No. 728, § 1.
Art. 463. Component parts of tracts of land
Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungath-ered fruits of trees, are component parts *57 of a tract of land when they belong to the owner of the ground.
Acts 1978, No. 728, § 1.
Art. 465. Things incorporated into an immovable
Things incorporated into a tract of land, a building, or other construction, so as to become an integral part of it, such as building materials, are its component parts.
Acts 1978, No. 728, § 1.
Art. 466. Component parts of buildings or other constructions
Things permanently attached to a building or other construction, such as plumbing, heating, cooling, electrical or other installations, are its component parts.
Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached.
Acts 1978, No. 728, § 1.
Art. 2366. Use of community property for the benefit of separate property
If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.
Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community assets belong to the owner of the ground. Upon termination of the community, the other spouse is entitled to one-half of the amount or value that the community assets had at the time they were used.
Acts 1979, No. 709, § 1. Amended by Acts 1984, No. 933, § 1.
It is clear from the foregoing that the renovation of Wanda’s kitchen, the enclosing of the existing carport to add an additional bedroom and bath, the construction of a pool, patio, workshop and new carport all constitute immovables inasmuch as they were either incorporated in the land, or became an integral part of Wanda’s existing home in such a manner they could not be removed without substantial damage to themselves or to the home.
The trial judge found that Gilbert intended to donate the improvements to Wanda’s home to her and her children. While we may not agree with this conclusion, we are unable to find that such conclusion is clearly wrong.
La.C.C. art. 1536 provides as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
In the case sub judice, no act of donation, as contemplated by C.C. art. 1536, was passed. Hence, even if a donation was intended, it was never accomplished. Accordingly, the trial court correctly concluded that Gilbert is entitled to reimbursement for the community funds expended for such improvements.
The trial judge found Wanda’s separate property had been improved by $35,259.96 and awarded Gilbert one-half of that sum, or $17,629.98. Neither party questions this finding. We find no error in the trial court’s conclusion that Gilbert is entitled to reimbursement. Guarisco v. Guarisco, 526 So.2d 1126 (La.App. 1st Cir.1988), writ denied, 523 So.2d 1337 (La.1988)[1] and Breaux v. Breaux, 555 So.2d 1001 (La.App. 3rd Cir.1990).
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. This opinion was published in the advanced sheets at 521 So.2d 688, without an appendix. It was withdrawn to be published with appendix at the current citation.