LeBLANC, Judge.
This appeal arises out of a suit in contract by Mary Bond, doing business as Mary Bond Interiors, plaintiff-appellee, against Dwight Allemand, defendant-appellant. Bond and Allemand entered into a contract for Bond to perform interior decorating services for Allemand. Bond brought suit seeking loss of fees and commissions. After a trial, the district court, on August 28, 1989, took the matter under advisement.
The record indicates that written reasons were rendered and a judgment was signed on July 11, 1991, and notice of the judgment was sent on July 23, 1991. On July 29, 1991, Allemand filed a timely motion for new trial, which was set for September 6, 1991. On September 6, the motion for new trial was called and the matter was continued without date.[1] On November 6, 1991, Allemand was granted a devolutive appeal.
Allemand’s timely motion for a new trial has not been granted or denied. A devolu-tive appeal may be taken within sixty days of the expiration of the delay for applying for a new trial or the court’s refusal to grant a timely application for a new trial. La.C.C.P. art. 2087. An appeal taken while a timely motion for a new trial is pending is premature because the motion suspends the operation of the judgment. First Homestead Fed. Sav. & Loan v. Henry, 492 So.2d 116 (La.App. 1st Cir.1986).
On the face of the record before us, the trial court did not rule on Allemand’s motion for a new trial. We cannot render judgment on the merits because the trial court was never divested of jurisdiction and, therefore, this court’s jurisdiction nev *1051 er attached. Petitto v. McMichael, 552 So.2d 790 (La.App. 1st Cir.1989); See also State Through DOTD v. Scramuzza, 594 So.2d 517 (La.App. 5th Cir.1992); Jabbia v. Sanders, 499 So.2d 1070 (La.App. 3rd Cir.), writ denied, 501 So.2d 198 (1986).
For the foregoing reason, the appeal is dismissed. This matter is remanded to the trial court which is ordered to hear and decide the pending motion for a new trial.[2] Costs of this appeal are assessed to the defendant.
APPEAL DISMISSED; REMANDED WITH ORDER.

. The minutes of court state "The Court then ruled that it had no jurisdiction in this matter per previous Supreme Court ruling and ordered the rule continued without date. Further, the Court ordered that a hearing on said motion be held within forty-five (45) days.” We are unsure of the basis for this statement but note the minutes indicate that no hearing was held nor was there a ruling on the motion for a new trial.

. This action has been in court since May 29, 1985. After the trial court has ruled on the defendant’s motion for a new trial, if any party wishes thereafter to appeal, he may wish to request an expedited appeal.