JzSHORTESS, J.
In May 1996, Victor Zumo, his wife, and two daughters (plaintiffs) filed a malpractice claim against Our Lady of the Lake Regional Medical Center (defendant), alleging defendant’s care was substandard, which was the cause of Victor Zumo’s injury and ultimate death.[1] The trial court found defendant “violated the standard of care it owed to Mr. Victor Zumo and as a result of the violation, Mr. Zumo sustained a broken hip and many other complications which led to his disability and eventual death.” The court went on to award various amounts in damages to plaintiffs; however, since defendant was a qualified-health-care provider under the Louisiana Malpractice Act, the total judgment was reduced to the sum of $500,000.00, plus medical *1081 bills and related benefits.[2] The court further found that defendant had tendered in the registry of the court $100,000.00 plus accrued interest and the court costs incurred by plaintiffs prior to trial, which satisfied in full the judgment rendered against defendant. The court stated that the remaining portion of the award was to be paid pursuant to the Malpractice Act. The court also rendered a judgment in favor of defendant for medical expenses, recognizing its privilege in the sum of $306,366.55 pursuant to Louisiana Revised Statute 9:4752, with a lien attached to the $1,333,748.95 awarded to plaintiffs.[3]
After the case was tried in district court, the Patients’ Compensation Fund filed a petition for intervention to challenge the excess of the judgment (the amount awarded in excess of $100,000.00) rendered against it. The Fund also filed a motion for new trial in the matter. Defendant and plaintiffs filed exceptions of no cause of action and exceptions of prematurity. The court sustained defendant’s and plaintiffs’ exceptions of no cause or right of action and dismissed the motion for new trial.[4] The Fund appeals.
The Fund asserts two assignments of error: the trial court erred in (1) finding it had no right to bring a motion for new trial and (2) awarding future medical expenses to defendant for charges rendered subsequent to and as a result of the act of malpractice | «by defendant’s personnel. It contends it has an interest in malpractice proceedings in which damages exceed $100,000.00 and has a right to intervene. The Fund alleges that while the jurisprudence has established it has a right to intervene to appeal a final judgment, if it is to have a meaningful role in the assessment of damages in excess of $100,-000.00 it should have the right to file a motion for new trial after a judgment has been rendered. During oral argument, the Fund maintained that since it has the right to appeal a judgment, the motion for new trial is a part of the appeal process; therefore, it has the right to file this motion.
Revised Statute 40:1299.44 creates the Patient’s Compensation Fund to handle awards of malpractice claims in excess of $100,-000.00. Revised Statute 40:1299.44(0(1-5) sets forth the procedure in which settlements for malpractice claims in excess of $100,-000.00 are completed and released by the Fund. However, R.S. 40:1299.44(0(6) establishes the course of action for the Fund when a court issues a judgment or a settlement for a malpractice claim:
Any settlement approved by the court shall not be appealed. Any judgment of the court fixing damages recoverable in any such contested proceeding shall be appealable pursuant to the rules governing appeals in any other civil court case tried by the court.
Therefore, this statute gives the Fund an interest in a malpractice claim only during the appeal process. In Felix v. St. Paul Fire and Marine Insurance Company,[5] the supreme court stated that “the fund may intervene for the purpose of appealing an excess judgment against [itself].” The issue before us is whether a motion for new trial is a part of the appeal process, therefore giving the Fund the right to intervene and file the motion.
Louisiana Code of Civil Procedure article 2083(A) states, “An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default_” (Emphasis added.) This court has held, “It is well settled in Louisiana law that an appeal *1082 taken while a timely motion for a new trial is pending is premature (and subject to dismissal) because the motion suspends the operation of the final judgment being appealed.” [6] Therefore, a case is not a part of the appeal process until a final judgment has been rendered. Since a final judgment is ^suspended while a motion for new trial is pending, that motion is not a part of the appeal process because a final judgment has not been rendered. Thus, the Fund did not have the right to file a motion for new trial because a final judgment had not been obtained, which is required before the Fund can intervene and appeal a decision. This assignment of error lacks merit.
The Fund also asserts that the trial court erred in awarding defendant medical expenses for the services it extended Zumo after his accident in the hospital. The Fund contends this amount should not have been awarded to defendant “on the basis that said obligation is extinguished by confusion.” The Fund maintains when the court found defendant liable for Zumo’s injuries and death and awarded damages against defendant, then subsequently awarded defendant medical expenses, confusion was created because defendant was the obligor and the obligee; thus, the obligation was extinguished.[7]
Louisiana Civil Code article 1903 states an obligation is extinguished by confusion when “the qualities of obligee and obligor are united in the same person.” In this case, we do not have that occurrence. Because defendant initially tendered $100,000.00 before trial to the registry of the court, it is not responsible for the remaining portion of the judgment. The Fund is liable for that portion. Consequently, when the court awarded defendant its medical expenses for the treatment it provided Zumo and ordered a lien in that amount be awarded defendant against plaintiffs’ medical expenses, this obligation was to be satisfied by the Fund, not defendant. Therefore, since two different parties are obligor and obligee, i.e., the Fund and defendant, respectively, confusion does not exist. This assignment of error lacks merit as well.
Plaintiffs also filed an appeal maintaining the trial court incorrectly applied one statutory limit to more than one action — one award for both the survival and the wrongful death actions sought by plaintiffs. However, during oral arguments, plaintiffs waived this contention in light of the supreme court’s ruling in Conerly v. State,[8] where the court determined that under the Malpractice Liability for State Services Act, Revised Statute |,r,40:1299.39, a party can recover only $500,-000.00 (a single limitation) for all malpractice claims.
For the foregoing reasons, we find no legal error in the trial court’s decision granting plaintiffs’ and defendant’s exceptions of no cause or no right of action and dismissing the Fund’s motion for new trial. We hereby affirm the judgment in favor of plaintiffs and defendant, at the Fund’s cost.
AFFIRMED.
KUHN, J., dissents and assigns reasons.

. Victor Zumo died before trial, and his survivors (his wife and daughters) were substituted as party plaintiffs in the suit.

. Plaintiffs were awarded $ 1,333,748.95 for medical expenses and an additional $132,821.00 for nursing services Mrs. Zumo provided to her husband. The court further awarded plaintiffs legal interest on the medical expenses from the date of filing the medical-malpractice complaint, January 4, 1995, and all other court costs not previously paid by defendant.

. The court also awarded defendant interest on that amount accruing from October 8, 1996, until paid.

. We note that the court sustained a “no cause or right of action" as to both defendant and plaintiffs. Defendant had filed an exception of no cause of action, and plaintiffs had filed both exceptions of no right and no cause of action.

. 477 So.2d 676, 682 (La.1985).

. Petitto v. McMichael, 552 So.2d 790, 792 (La.App. 1st Cir. 1989).

. See La. C.C. art. 1903 and Ruiz v. Oriate, 96-2211, p. 33-34 (La.App. 4th Cir.8/6/97), 697 So.2d 1373, reversed in part on other grounds, 97-2412, p. 12 (La.5/19/98), 713 So.2d 442, 444.

. 97-0871, p. 9 (La.7/8/98), 714 So.2d 709, 714.