336 So.2d 539 (1976)
Raoul BILLEAUD, Plaintiff-Appellant,
v.
William H. PERRY et al., Defendants-Appellees.
No. 5677.
Court of Appeal of Louisiana, Third Circuit.
August 12, 1976.
J. Minos Simon, Lafayette, for plaintiff-appellant.
McBride & Brewster by Robert R. McBride, Welton P. Mouton, Jr., Lafayette, for defendant-appellee.
Before MILLER, WATSON and PETERS, JJ.

ON MOTION TO DISMISS
MILLER, Judge.
Defendants, William H. Perry, U.S.F. & G., Maryland Casualty Co., and Northern Insurance Company, Inc., move to dismiss the unlodged appeal of the plaintiff, Raoul Billeaud, on the ground that his appeal is premature. The motion is unopposed.
Formal judgment was signed May 20, 1976, and on May 26, 1976, third-party defendant-appellee, Maryland Casualty Company and the intervenor-appellee, Northern Insurance Company, timely filed a Motion for a New Trial and/or Motion to Correct and Amend Judgment. On the same date the motion was filed, the trial court issued an Order to Show Cause to all parties ordering them to appear and show cause on July 19, 1976, why the above motion should not be granted. To date the motion has not been acted upon.
On June 11, 1976, plaintiff moved for and obtained an Order for Appeal in forma pauperis returnable to this court on August 5, 1976. The appeal has not yet been lodged with this court.
Defendants and intervenor moved to dismiss plaintiff's unlodged appeal on the ground that since a timely motion for a new trial has been filed in this matter, the judgment appealed from is not final, and therefore, plaintiff's appeal is premature. We agree.
While recognizing that there is authority to the contrary Thibodeaux v. Lock Clinic, 299 So.2d 574 [La.App. 4 Cir. 1974]; Department of Highways v. D & J Realty Company, Inc., 245 So.2d 465 [La.App. 2 Cir. 1971]), the better rule in the interest of judicial economy and orderly procedures is that the timely filing of a motion for new trial, by one or more of the parties to a lawsuit, holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the suit. LSA-C.C.P. art. 1971, 2164; Simmons v. Beauregard Parish School Board, 293 So.2d 226 (La.App. 3 Cir. 1974).
*540 The appeal is premature and is dismissed. Costs of this appeal will be taxed when the appeal is reviewed by this court.
APPEAL DISMISSED.