PONDER, Judge.
We granted a writ and stay order on defendant’s allegations of irreparable injury and inadequacy of remedy by appeal. We ordered the completion of the record when it was sent to us without any transcript of testimony. The following is reconstructed from the record, which, however, does not contain an extract of minute entries,' which deficiency is unexplained.
On July 27, 1976, plaintiff filed suit for a divorce and the custody of three minor children, ages four, two and one, on grounds of adultery. After several continuances the trial was held on March 25, 1977. Divorce and custody of the children were granted to the plaintiff on April 22. Application for a partial new trial questioning only the custody of the children was filed on April 28, and a judge other than the trial judge signed the order on May 2, setting the motion for hearing on May 20. On May 3, the trial judge, on motion of plaintiff’s counsel, signed an order “that the Sheriff of Livingston Parish be authorized to pick up or have his deputies pick up the minor children_ and deliver them to Mover_”. On May 4, the order setting the motion for a partial new trial was “rescinded in its entirety,” by the signing judge. Also on May 4, at 1:45 p. m. we issued a writ of certiorari and a stay order. Despite this, however, on May 5, the sheriff made a return stating that he had picked up the minor children and delivered them to the plaintiff on May 4.
On May 10, because of a remote possibility of misunderstanding, we clarified our stay order to show that it was our intention that the mother retain custody of *915 the children until further order of the court. Despite all this, it was necessary that defendant file and have set for trial a writ of habeas corpus before she regained custody.
We cannot condone what appears to be a disregard of proper procedure in this case. When a new trial is timely applied for, the judgment is not final. Cooper v. Cooper, 158 So.2d 248 (La.App. 1st Cir. 1963) writ ref. 245 La. 632, 160 So.2d 225 (1964); Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir. 1976). This is all the more valid when the motion has been set for trial by order of the court. The ex parte cancellation of the order setting the motion for trial, even if valid, would have no effect on the fact that the motion had been filed and was pending.
The order of the sheriff to effect change of custody of the children peremptorily was invalid for at least two reasons. As stated above, the judgment changing the custody was not final because suspended by the filing of the motion for a new trial. Of even greater concern, however, is the unorthodox, unjustified evasion of the available procedures. The proper method to effect the change of custody is the use of a writ of habeas corpus if a party does not obey a judgment of custody. We know of no authorization for the procedure employed herein.
This case has been subject to considerable delay because of the above circumstances, troublesome matter to rest and of conserving judicial time, we elect to consider the matter on its merits. See LSA-Const. Art. 5, Sec. 10; Art. 1, Sec. 22. See also Cooper v. Cooper, supra; First National Bank of Commerce, New Orleans v. Miller, 328 So.2d 383 (La.App. 4th Cir. 1976). In the interest of laying a
Since defendant complains only of the custody award, and since both parties evidently acquiesced in the divorce decree, we confine ourselves to the custody award.
The guidelines that appellant courts must follow in child custody cases were set out in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The welfare of the children is the paramount consideration. These best interests will generally result in a grant of custody to the mother, especially when the children are young. The discretion of the trial court will be disturbed only on a clear showing of abuse.
Our courts have consistently held that custody of very young children will be granted to the mother in the absence of unfitness or other special circumstances. Nolte v. Nolte, 258 So.2d 118 (2nd Cir. 1972), writs refused 261 La. 538, 260 So.2d 321.
While we question that Mrs. Kerr has been proved unfit, we do not have to decide that point since there is no proof that the adulterous relationship, if any, had any deleterious effect upon the children. Johnson v. Johnson, 331 So.2d 854 (La.App. 1st Cir. 1976), writ refused La., 334 So.2d 436 (1976). There was no showing that Mrs. Kerr was other than a loving and attentive mother.
Mrs. Kerr admitted that she took an overdose of sleeping pills on one occasion in 1970. Plaintiff contends that this shows an instability sufficient to deprive her of custody. We note that this was an isolated incident and took place prior to the birth of the first child. Mrs. Kerr immediately went to the hospital after taking the overdose, negating a serious suicide attempt.
The lower court, evidently on joint motion of the parties, -requested a report from The report concluded that both were fit parents, but recommended that Mrs. Kerr be given custody because of the young ages of the children. The psychiatric evaluation of Mrs. Kerr indicated that she had no problems in this area. the Division of Family Services.
We believe the lower court abused its discretion in granting custody of these children to Mr. Kerr. The maternal preference rule is a rebuttable presumption, but plaintiff still has the burden of showing that the best interests of the children would be served by changing custody. Caraway v. Caraway, 321 So .2d 405 (La.App. 2nd Cir. 1975) writ refused La., 323 So.2d 479 (1975).
*916 These children have lived with their mother continuously since the separation. Mr. Kerr’s failure to contribute to their support is not entirely consistent with his professed concern for their welfare.
For the above reasons the judgment of the lower court is reversed insofar as it awarded custody of the minor children to John Wimberlin Kerr. The permanent care, custody and control of the minor children, John W. Kerr, II, Benjamin Wade Kerr and Christopher M. Kerr, is hereby awarded to the mother, Cynthia Kendrick Kerr. Plaintiff is to pay all costs.
REVERSED AND RENDERED.