FORET, Judge.
MOTION TO DISMISS
The defendant-appellees, Jarwin Contracting Company and Hartford Casualty Insurance Company, move to dismiss the appeal of intervenor-appellant, Colfax Creosoting Company, as not being timely perfected.
Suit was brought by Frank Johnson, Jr., for personal injuries he received in an accident. Made defendants were Richard D. Layssard and his insurer, Reliance Insurance Company as well as Jarwin Contracting Company and its insurer, Hartford Insurance Company. Colfax Creosoting Company intervened to recover the worker’s compensation benefits and medical expenses it was obligated to pay plaintiff under the Louisiana Worker’s Compensation laws.
On September 9, 1983, a civil jury rendered its verdict on this matter, dismissed the demands of plaintiff and intervenor against Jarwin and Hartford but rendered judgment against co-defendants, Richard D. Layssard and Reliance in the amount of $3,000.00. Formal judgment was signed in conformity with this verdict on November 15, 1983.
The plaintiff and intervenor timely filed a “motion for a judgment notwithstanding the verdict and/or for an additur of damages and/or for a new trial in the alternative.” On December 12, 1983, after the motions were argued the trial judge denied the motions as to Jarwin and Hartford but took under advisement the motion as to Richard D. Layssard and Reliance Insurance Company. After handing down written reasons on January 13, 1984, in “judgment on rule” dated March 2, 1984, and in an “amended judgment on rule” dated March 13, 1984, the trial court confirmed the dismissal of the motions as to Jarwin and Hartford, granted an additur against Richard D. Layssard and Reliance Insurance Company, and granted a new trial in the event the additur was not accepted. On June 28, 1984, intervenor obtained an order from the district court granting it an appeal against Jarwin and Hartford who now have filed a motion to dismiss the appeal as being untimely perfected.
Defendant-appellees cite Article 2087 of the Louisiana Code of Civil Procedure which provides:
“... an appeal which does not suspend the effect or the execution of an appeala-ble order or judgment may be taken within sixty days of:

(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; .... ”
They argue that since the appeal was taken on June 28, 1984, more than (60) sixty days after the courts denial on December 12, 1983, of plaintiff’s motion for a new trial; the appeal was untimely.
The judgments signed on March 2 and March 13 of 1984, however, have an effect on the timeliness of the appeal. According to recent jurisprudence the application for a new trial holds a previously signed judgment in abeyance as to all parties until final judgment is rendered. The delays for taking a devolutive appeal can not begin to run until such a final judgment is signed, (our emphasis). Bantin v. State, Through Department of Transportation & Development, 411 So.2d 63 (La.App.3rd Cir.1981); Billeaud v. Perry, 336 So.2d 539 (La.App.3rd Cir.1976).
Although the trial court orally denied the motions as to Jarwin and Hartford on December 12, 1983; it did not rule on the motion as to the co-defendants, Layssard and Reliance, until March 2 and March 13 of 1984. Until the motions as to all parties had been decided; the delays for taking the devolutive appeal did not begin to run.
Since the motion for a new trial as to Layssard and Reliance was taken under advisement, Article 1914 of the Louisiana Code of Civil Procedure applies as follows:
“Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required
*680 A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order of judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
Amended by Acts 1983, No. 61, § 1. According to this article, once notice of the rulings on the motions were sent to the parties, the delay for the appeals began to run. The record reveals that notice of the rulings of March 2 and March 13 of 1984 was not sent to intervenor. The appeal delays have not begun to run and, thus, the appeal filed on June 28, 1984 was timely. The motion to dismiss the appeal is denied.
MOTION DISMISSED.