483 So.2d 678 (1986)
Dilla Montoya, wife of/& Christopher A. PALGRAVE
v.
James E. TALLIEU, A & T Properties a Louisiana Partnership In Commendam, and Jerry Gros.
Nos. 86-CA-21, 86-CA-22 and 86-CA-23.
Court of Appeal of Louisiana, Fifth Circuit.
February 24, 1986.
Charles C. Cabibi, New Orleans, for Dilla Montoya, wife of/and Christopher A. Palgrave, plaintiffs-appellees.
James T. Flanagan, Mollere, Flanagan & Arceneaux, Metairie, for Jerry Gros, defendant-appellant.
David C. Loeb, Gauthier, Murphy, Sherman, Mc Cabe & Chehardy, Metairie, for James E. Tallieu and A & T Properties, defendants-appellees.
Ted Nass, New Orleans, for Murphy J. Allo, defendant-appellee.
Before BOUTALL, BOWES and WICKER, JJ.

ON MOTION TO DISMISS
BOUTALL, Judge.
These three consolidated suits began with a possessory action, which was amended to include a claim in redhibition for real property.[1] The judgment rendered did not dispose of all of the issues. The plaintiffs-appellees, Dilla Montoya, wife of/and Christopher A. Palgrave, have moved for dismissal on grounds of prematurity of the appeal filed in this court by a defendant, Jerry Gros, and allege that a motion for new trial filed prior to the appeal is still pending before the district court. The appeal was answered by the defendant James E. Tallieu and the plaintiffs. Neither the appellant nor the appellees responded to the plaintiffs' motion to dismiss.
We have examined the record and have determined the facts to be as follows. Mr. and Mrs. Palgrave and Gros purchased separate properties in Murphy Subdivision in Lafitte from Tallieu and A & T Properties, a Louisiana Partnership in Commendam. The Palgraves sued the sellers and Gros for recognition of a servitude of passage *679 across Gros's land for access to Bayou Barataria, later amending to add a claim in redhibition, quanti minoris, or money damages in the event that the servitude is not recognized. As a further ground, the petition also alleges that the defendants did not disclose to the plaintiffs the existence of a prior mortgage on the property or credit the balance of the mortgage against the purchase price.[2] The trial court rendered judgment on April 17, 1985 in which it recognized a servitude of passage across Gros's land in favor of the Palgraves and awarded Gros a reduction in purchase price of $10,000, for which Tallieu and A & T Properties were liable in solido. The Palgraves moved for a new trial and/or amendment of judgment on April 26, because the judgment failed to resolve the issue of the encumbrance on the property, i.e. the $200,000 mortgage, which was undisclosed at the time of sale and not cancelled afterward. Gros filed his appeal on May 23, 1985, and the record was lodged in this court on January 9, 1986. In the meantime, the motion for a new trial was set for hearing but continued and, as our search of the record indicates, has yet to be heard and resolved. Tallieu has answered the appeal, opposing the amount awarded for the servitude.
Accordingly, we find that the plaintiff's motion for a new trial is still viable. In regard to the court's discretion in granting a new trial, La.C.C.P. art. 1971 provides:
"A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues."
The court in Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir.1976), in dismissing an appeal on prematurity, said, at 539:
"... [T]he better rule in the interest of judicial economy and orderly procedures is that the timely filing of a motion for new trial, by one or more of the parties to a lawsuit, holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the suit.... [citations omitted.]"
The Supreme Court in Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La. 1973) had explained why, in most cases, judgment should be held in abeyance until all issues have been resolved by the trial court. The court said, at 216:
"It would be a useless and technical trap if the rule were that, when a new trial is granted as to less than all the issues, the judgment becomes final as to all others. A new trial might be granted on a factual `issue' which might change the outcome of the litigation. No one would suspect that the finding of the trial court on all other `issues' might become `final' when an important and controlling factual determination was yet to be made."
We find that the issues involved in this case, the undisclosed and uncancelled mortgage and the servitude, are inextricably intertwined. They bear not only upon the value and merchantability of the plaintiffs' land, but also upon rescission of the sale itself. Accordingly, the appeal of the partial judgment must be deferred until there has been a resolution of the plaintiffs' motion for a new trial.
IT IS ORDERED that the appeal be dismissed without prejudice and the case remanded to the district court for a hearing of the motion for new trial and/or amended judgment, and that the judgment appealed from be held in abeyance as to all parties and issues.
APPEAL DISMISSED AND REMANDED.
NOTES
[1] The other two suits were dismissed prior to trial.
[2] The Palgraves learned of the mortgage on December 21, 1981, a year after the sale of the subject property, when they purchased an adjoining lot. The defendants executed a "hold harmless" agreement in favor of the plaintiffs.