WICKER, Judge.
The defendant, Calíais & Sons, Inc., appeals an order granting a summary judgment to the third-party defendant, the Parish of St. James. The issue was the responsibility and liability of the Parish of St. James for alleged inadequate and unsafe traffic controls on a state-owned-and-maintained highway. We affirm.
Kelly St. Amant, the plaintiff, was injured at an intersectional collision. He was a guest passenger in an automobile owned by his employer, Calíais. The driver, also a Calíais employee, went through a stop sign without stopping. It was alleged the driver was both intoxicated and speeding, and three people were killed in the accident. St. Amant sued Calíais under the Jones Act (he later joined the State of Louisiana and the estate of the driver). Calíais third-partied St. James Parish (and the estate of the driver, the State, and various insurers), based upon the parish’s alleged duty to maintain a safe intersection. Other third-party demands were filed as well.
The basis for the motion for summary judgment of St. James Parish was that it had no duty to provide traffic signals, signs or patrols. Calíais’ appeal alleges the existence of contested issues of fact regarding the parish’s responsibility which make summary judgment inappropriate and improper.
The intersection of Louisiana highways 3127 and 20 is near Vacherie on the route between New Orleans and Donaldsonville. Since the road opened in December of 1981, there had allegedly been 30 traffic accidents, 19 in the year immediately preceding the June 27, 1985 accident. Calíais also alleged the local community considered it a dangerous intersection and that the evidence of these accidents was in the hands of the Parish Council. Nevertheless, the Parish of St. James allegedly took no action to alleviate the dangerous situation.
The parish introduced, in support of its motion, L.S.A.-R.S. 48:261.[1] It also introduced an affidavit of the parish president *889 stating that the intersection in question was under the control of the State of Louisiana, that the parish had no responsibility or authority for maintaining or installing traffic controls at the intersection, that no contract existed between the state and the parish in which the parish undertook any responsibility for the intersection, and that it was prohibited by law from taking any action without the consent of the state.
Calíais introduced, in support of its opposition, L.S.A.-R.S. 32:235(C)[2] and a computer-generated printout listing previous accidents at this intersection. Calíais referred to a deposition of the parish president which it alleged supported its opposition. However, this deposition was apparently not introduced into evidence, since it is not in the record.[3]
L.S.A.-R.S. 48:261 makes it clear that the responsibility for maintenance of state highways belongs to the state and that “the department [Department of Transportation and Development] shall not maintain any section or sections of highway ... by any other means than through its employees.” The exception allowed, when, “at the request of the governing authority of a municipality, or parish ... the work may be contracted out to such municipality or parish”, clearly does not apply. Calíais did not rebut the affidavit of the parish president that such a contract did not exist.
The option of the Parish of St. James, with the approval of the State of Louisiana, to place traffic control devices on the intersection in question does not shift responsibility for the maintenance of this intersection to the parish. “The Department of Highways has the basic responsibility for the maintenance of State highways....” Robertson v. Handy, 354 So.2d 626, 629 (La.App. 1st Cir.1977), writ denied 356 So.2d 434 (La.1978).
Calíais cites the case of Hardy v. State, through Department of Highways, 404 So.2d 981 (La.App. 3rd Cir.1981), writ denied 407 So.2d 741 (La.1981), in support of its position that the Parish of St. James is liable notwithstanding the fact that the highways in question were state highways under the control of the State of Louisiana. However, the facts of that case make it inapplicable: there was a contract between the City of Nachitoches and the State of Louisiana under which the city undertook maintenance, and a malfunctioning or mal-positioned traffic signal of which the city had notice was the cause in fact of the collision.
Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” L.S.A.-C.C.P. art. 966; Howard Trucking Co., Inc. v. Stassi, 474 So.2d 955 (La.App. 5th Cir.1985), aff’d, 485 So.2d 915 (La.1986), cert. den. — U.S. -, 107 S.Ct. 432, 93 L.Ed.2d 382 (1986).
We hold, therefore, that the evidence introduced by the Parish of St. James in support of its motion for summary judgment, the affidavit and, relevant statute, “show that there is no genuine issue of material fact” which would impose liability on the parish. Calíais & Son’s, Inc. is to pay the cost of this appeal.
AFFIRMED.

. R.S. 48:261, Section 261. Maintenance work by department employees; exceptions Text of R.S. 48:261 as amended by Acts 1978, No. 74, Sec. 1, eff. Sept. 8, 1978.
Rxcept as otherwise provided in this Section, all maintenance operations shall be performed by the employees of the department, and the department shall not maintain any section or sections of highway or the facilities of the Department of Transportation and Development by contract or by any other means than through its employees....
At the request of the governing authority of a municipality, a parish having a municipal type government, or a parish located within a standard metropolitan statistical area having a population of one million or more ... the work may be contracted out to such municipality or parish....
Section 261. Maintenance work by department employees; exceptions
Text of R.S. 48:261 as amended by Acts 1978, No. 485, Sec. 1, eff. July 10, 1978.
A. Except as otherwise provided in this Section, all maintenance operations shall be performed by the employees of the department, and the department shall not maintain *889 any section or sections of highway or the facilities of the Department of Transportation and Development by contract or by any other means than through its employees....
At the request of the governing authority of a municipality, or parish having a municipal type government, the work may be contracted out to such municipality or parish....

. No local municipal or parish authority shall place or maintain any traffic control device upon any state maintained highway without having first obtained the written approval of the department.

. In brief, both parties refer to this deposition and that of a state traffic engineer. Neither deposition has been considered by this court, since neither was introduced into evidence. We cannot review what is not before us. Prater v. Babcock & Wilcox Co., 414 So.2d 817 (La.App. 1st Cir.1982).