VICTORY, Judge.
This appeal arises from a child custody dispute which resulted in a judgment awarding the mother, Vickie Lesniewski, sole custody of four children and the father, Randy Lesniewski, sole custody of two children. For the following reasons, Vickie Lesniewski’s appeal is dismissed as premature.
FACTS
This custody case was tried in Caddo Parish on February 20, March 5, March 26, and April 3,1990. A written judgment was signed on May 15, 1990. The judgment awarded Mrs. Lesniewski sole custody of four children, subject to Mr. Lesniewski’s liberal visitation, $200.00 per month per child in child support, $3,200.00 in past due child support, $750.00 in attorney’s fees, and all costs for the prosecution of the contempt action. In addition, Mr. Lesniew-ski was granted sole custody of two children, subject to liberal visitation. He was also found in contempt for non-payment of child support and ordered to serve time in jail and perform community service. *362 Thereafter, both parties timely filed motions for a new trial.
A Judgment on Motion for New Trial was signed on January 14,1991 which modified the prior judgment by providing for dependency exemptions, deleting certain descriptive language, and clarifying the house note as a community debt. In addition, the judgment contained the following provision:
“IT IS ORDERED, ADJUDGED AND DECREED that the trial shall be reopened to allow Mrs. Lesniewski to present additional evidence of violence towards the two (2) children placed in Joseph Randall Lesniewski’s sole custody.”
It was further ordered that “in all other respects, the contentions and request for new trial are denied.” Despite the judgment granting a partial new trial, no additional hearing was held to allow further testimony on Mr. Lesniewski’s behavior.
On January 22, 1991, Vickie Lesniewski filed a motion and order to appeal from the “judgment rendered on November 29, 1990 and signed on January 14, 1991”, the partial denial of new trial. She failed to appeal from the original judgment on the merits which was signed on May 15, 1990. However, Mrs. Lesniewski obtained new counsel who filed the appellate brief assigning as error the merits of the original judgment.
DISCUSSION
The Louisiana Supreme Court has held that where the motion for appeal refers to a judgment by date and that judgment is one denying a motion for new trial, but the appellant exhibits the clear intention (from his brief and argument) to appeal instead from an adverse judgment on the merits, then the appeal should be considered. Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Smith v. Hartford Accident & Indemnity, 254 La. 341, 223 So.2d 826 (1969). Accordingly, we conclude that plaintiff’s counsel mistakenly referred to the Judgment for New Trial in its motion for appeal and, therefore, we will consider the appeal as taken from the original judgment on the merits.
We now consider whether this appeal is properly before the court in light of the judgment granting a partial new trial. According to LSA-C.C.P. Art. 1971, a new trial may be granted on all or part of the issues. If a new trial is granted as to less than all the issues, “the judgment may be held in abeyance as to all parties and issues.” We note that the trial court did not order the remainder of the original judgment to be held in abeyance as permitted by the last sentence in LSA-C.C.P. Art. 1971. However, this sentence has been interpreted by the Louisiana Supreme Court to be implemented without the necessity of a specific order, in cases which do not result in a partial judgment as defined by LSA-C.C.P. 1915. Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973).
The supreme court in Thurman v. Star Electric Supply, Inc., supra at 216, explained why, in most cases, judgment should be held in abeyance until all issue have been resolved by the trial court:
“It would be a useless and technical trap if the rule were that, when a new trial is granted as to less than all the issues, the judgment becomes final as to all others. A new trial might be granted on a factual ‘issue’ which might change the outcome of the litigation. No one would suspect that the finding of the trial court on all other ‘issues' might become ‘final’ when an important and controlling factual determination was yet to be made.”
We find that the issues involved in this case, custody, visitation rights, child support, and attorney fees, are inextricably intertwined. Although Mrs. Lesniewski abandoned in this court her assignment of error seeking custody of the two children awarded by the trial judge to Mr. Lesni-wewski, nevertheless it is clear that all aspects of this case may be affected by the additional evidence to be presented at the new trial hearing concerning Mr. Lesniew-ski’s treatment of the children in his custody. For example, the new evidence to be presented may persuade the judge to grant *363 sole custody of all the children to their mother, which might greatly affect the visitation rights of Mr. or Mrs. Lesniewski, and certainly could affect the award of child support. Accordingly, the appeal of the partial judgment is premature and will be deferred until the lower court’s new trial order is implemented by the taking of additional evidence, and lower court judgment is rendered. After such proceedings, if an appeal is taken, this Court will be in a position to consider the entire case, including the additional evidence.
DECREE
For these reasons, it is ordered that the appeal be dismissed without prejudice as premature and the case remanded to the district court for a partial new trial. Costs of the appeal are assessed against appellant.
APPEAL DISMISSED; REMANDED.