COVINGTON, Chief Judge.
Plaintiff, Mickey Clement, filed suit individually and on behalf of his minor child, Shaun M. Clement, together with Shaun’s mother, Lynn T. Clement, for injuries sustained by Shaun in an automobile accident in Slidell, Louisiana at the intersection of Gause Boulevard and Pearl Street. The vehicle driven by Shaun, turning left from the westbound left turn lane of Gause Boulevard onto Pearl Street, collided with an oncoming vehicle headed east from the left turn lane of Gause Boulevard. Plaintiffs sued the driver of the other vehicle, their own underinsured/uninsured motorist carrier, Allstate Insurance Company, the City of Slidell, and the Louisiana Department of Transportation and Development.
Plaintiffs alleged that the City of Slidell and/or DOTD were the custodians of and had knowledge of the dangerous intersection at Gause Boulevard and Pearl Street; that the City of Slidell and/or DOTD were negligent in failing to provide a left turn signal to control westbound traffic in the left turning lane of Gause Boulevard at its intersection with Pearl Street; and that the City of Slidell and/or DOTD were liable under a strict liability theory as they had the “garde” of the roadway and signals at the intersection. The City of Slidell answered and filed a cross-claim against David W. Morris, the other driver. Allstate Insurance Company answered and filed a cross-claim against Morris as well as against DOTD and the City of Slidell. No cross-claim was filed by DOTD against any other party.
Discovery proceeded, and approximately one year after the lawsuit was filed, the City of Slidell filed a motion for summary judgment on the grounds that DOTD, not the City, had the “garde” of the intersection and was the custodian of the intersection; the City likewise urged that it had no authority to provide a left turn signal at the intersection and could not be found *887 liable for failure to do so. In support of its motion for summary judgment under LSA-C.C.P. articles 966 and 967, the City attached the depositions of Stanley Paul Po-livick, the City Engineer for the City of Slidell, and of Richard Kinchen, the District Traffic Engineer for DOTD.
The hearing on the motion for summary judgment was held on September 5, 1990. Counsel for co-defendant, DOTD, was present at the hearing, as was counsel for plaintiffs. Oppositions were filed on behalf of both plaintiffs and co-defendant DOTD on September 4, 1990. DOTD’s counsel referred at the hearing to a deposition of “Stanley Mulvy,” an employee of the City of Slidell, which she asserted was attached to her opposition; in brief she refers to the deposition of Stanley Paul Polivick. No attachments to DOTD’s opposition were filed in the record.[1]
A judgment was granted dismissing the City of Slidell from the lawsuit on September 5, 1990, and was signed on September 17, 1990. DOTD moved for a new trial, and to compel discovery on the grounds that information obtained through discovery would perhaps resolve the questions of fact which made summary judgment inappropriate, and allow DOTD to withdraw its opposition. DOTD attached an affidavit of an adjuster of the Office of Risk Management for the State of Louisiana in support of its motion to compel discovery.
The lower court denied the motion for new trial, stating in written reasons for judgment that both parties attempted to introduce new evidence at the hearing on the motion for new trial, but failed to offer any convincing rationale why such evidence could not have been offered at the original hearing.
DOTD appeals to this court only from the judgment granting summary judgment in favor of the City of Slidell. DOTD assigns as error the granting of the judgment when there were material issues of fact regarding the City’s role in traffic safety, the scope of its duty to Shaun Clement and whether any breach of that duty contributed to his damages.
In brief, DOTD offers no support of the proposition that there were material issues of fact which would preclude the City of Slidell from being dismissed from the lawsuit. DOTD, instead, asserts that the granting of the summary judgment was procedurally inappropriate because only six rather than the requisite ten-day notice was given before the hearing. It argues that even though counsel was present and ready to argue at the hearing, a complete hearing was denied because the ad hoc judge hearing the motion was unfamiliar with the case and had not reviewed the depositions offered in support of and in opposition to the motion for summary judgment before the hearing.
DOTD goes on to argue that the record was incomplete at the time of the hearing and that its own efforts to compel discovery after judgment was rendered dismissing the City were made in an attempt to resolve any material issues of fact left open as to whether the City had notice of the dangerous intersection. DOTD, however, does not appeal from the denial of the motion for new trial, and the relevance of its efforts to compel discovery post-judgment is unclear, considering that the summary judgment was granted after extensive discovery had already been undertaken.[2] Further, the record reveals that *888 several motions to compel answers to interrogatories were filed against DOTD by both the plaintiffs and by the City of Sli-dell, and any inadequacies of the record may be as readily attributed to DOTD as to other parties.
The primary issue raised as to the liability of the City of Slidell by plaintiffs’ petition was whether the City was the custodian of the intersection in question. A secondary issue was whether the City had knowledge that the intersection was dangerous.
In support of its motion for summary judgment, the City attached depositions of Richard Kinchen, an employee of DOTD, and of Stanley Paul Polivick, an employee of the City of Slidell. Both men testified that the roadway in question was a state highway, maintained by DOTD, although it was within the Slidell city limits and the accident was investigated by Slidell city police. There was no agreement in effect at the time of the accident which would require the City to maintain traffic control signals.
DOTD had the authority for placing traffic signals at the intersection, and the City had no formal input into the design of the intersection. At most, it may have made some comments during the design process, but the City has no authority under such projects. The City made no recommendations concerning the traffic signals, according to Kinchen’s review of his file. The City did not participate in any maintenance or repair of the intersection during 1988, the year of the accident, according to Poliv-ick, and he would have been aware had it done so. In general, any complaints made about the intersection would be made to the City, which would in turn refer them to DOTD. Polivick was not aware of any requests presented to the City, in turn referred to DOTD, to evaluate that particular intersection. Even if complaints were made, the City itself had no authority to perform any maintenance or repairs.
We believe that the City carried its burden of proof under LSA-C.C.P. art. 966 and is entitled to a summary judgment as a matter of law. It is clear from the depositions on file that the City had no responsibility for the intersection. Even if the depositions raised a question concerning the City’s knowledge that the absence of a left turn signal made the intersection dangerous, they make it clear that the City had no authority to correct any alleged deficiency. See St. Amant v. Callais & Sons, Inc., 508 So.2d 887 (La.App. 5th Cir.1987).
Once the City carried its burden of proof that it was entitled to summary judgment as a matter of law, the burden shifted to DOTD to show that material issues of fact still existed, under LSA-C.C.P. art. 967. It could no longer rest on the allegations contained in its pleadings, but must set forth any specific facts showing that there was a genuine issue for trial. Louisiana National Bank v. Slaughter, 563 So.2d 445 (La.App. 1st Cir.1990). This it failed to do. It likewise failed in its attempt to rely on the City’s failure to give ten-day notice of the hearing on its motion for summary judgment. DOTD waived any such defect by arguing at the hearing and failing to file a dilatory exception. See Strickland v. Board of Supervisors of Louisiana State University, 432 So.2d 964 (La.App. 4th Cir.1983).
The judgment of the trial court is affirmed. All costs are to be assessed to DOTD in the amount of $1,914.92.
AFFIRMED.

. Plaintiffs did not attach any documents in support of their opposition to the City of Sli-dell’s motion for summary judgment. Plaintiffs moved for new trial and, alternatively, for de-volutive appeal from the granting of the judgment in favor of the City of Slidell, and the devolutive appeal was granted. However, plaintiffs failed to timely file a brief in this court, and their appeal has been dismissed. Allstate settled its portion of the lawsuit and was dismissed with prejudice.

. DOTD asserts that its timely motion for new trial suspended all effects of the judgment dismissing the City of Slidell from the lawsuit, and therefore discovery was appropriate even after the judgment. We are aware of several cases indicating that a judgment is not final when a motion for new trial has been granted, citing the language of LSA-C.C.P. art. 1971 that if a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. See, Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir.1976); Kerr v. *888 Kerr, 349 So.2d 913 (La.App. 1st Cir.), writ denied, 351 So.2d 157 (La.1977); contra State of Louisiana, through the Department of Highways v. D & J Realty Company, Inc., 245 So.2d 465 (La.App. 2d Cir.), writ denied, 247 So.2d 396 (La.1971). However, these cases do not appear to us to stand as authority for DOTD’s attempts to compel discovery against a dismissed co-defendant.