BOWES, Judge.
Defendant, Norman Hodgins (hereinafter “Hodgins”), has appealed a judgment of the district court which classified and valued property belonging to the former community between himself and Audrey Coo-gan Hodgins Hare (hereinafter “Hare”). We note a jurisdictional defect in the proceedings and dismiss the appeal for the following reasons.
PROCEDURAL FACTS
This case came before this Court in Hare v. Hodgins, 567 So.2d 670 (La.App. 5 Cir.1990). The Supreme Court partially reversed that opinion and remanded the matter to the trial court for a determination of whether the method of dividing the community property should be modified so as to reflect whether post-community increases of earnings were due to either the personal effort of Hodgins, or to the prior community earnings. See Hare v. Hodgins, 586 So.2d 118 (La.1991).
On remand, the matter was tried and submitted in March, 1992. After some delay in the trial court (the trial judge, sitting as Judge Pro Tempore at the time of the trial, qualified, ran, and was elected in the Twenty-Fourth Judicial District Court), a judgment was rendered and signed on August 31, 1992. Notice of the signing of the judgment was sent on September 9, 1992.
On September 18, 1992, Hare timely filed a motion for new trial on certain issues (infra), which was granted on September 28, 1992. On September 29, 1992, Hodgins filed a petition to appeal the August judgment.
On October 28, 1992, the trial court granted the motion for new trial, but as of this date, the new trial has not yet been heard.
ANALYSIS
LSA-C.C.P. art. 2083 grants the right of appeal from a final judgment.[1] Clearly, the judgment in question was not a final judgment as of the time the appeal was taken, since a motion for partial new trial *1212 was still pending. We dismissed as premature an appeal filed by a defendant while plaintiff’s motion for a new trial was pending in Palgrave v. Tallieu, 483 So.2d 678 (La.App. 5 Cir.1986), wherein we stated:
... In regard to the court’s discretion in granting a new trial, La.C.C.P. art. 1971 provides:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
The court in Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir.1976), in dismissing an appeal on prematurity, said, at 539:
... [T]he better rule in the interest of judicial economy and orderly procedures is that the timely filing of a motion for new trial, by one or more of the parties to a lawsuit, holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the
suit_ [citations omitted.]
The Supreme Court in Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973) had explained why, in most cases, judgment should be held in abeyance until all issues have been resolved by the trial court. The court said, at 216:
It would be a useless and technical trap if the rule were that, when a new trial is granted as to less than all the issues, the judgment becomes final as to all others. A new trial might be granted on a factual ‘issue’ which might change the outcome of the litigation. No one would suspect that the finding of the trial court on all other ‘issues’ might become ‘final’ when an important and controlling factual determination was yet to be made.
[Emphasis supplied].
In the present case, the motion for new trial was taken on the issues of the alleged erroneous calculation of the survivor benefits, as well as on a prayer that arrearages be recast to specify “a dollar amount.” These issues are integral parts of the entire judgment, or as Palgrave, supra states, are “inextricably intertwined” with the remaining issues in the judgment.
Even more compelling is the fact that following the petition for appeal, the court granted the motion for new trial, which new trial has not yet been conducted. Because the appeal was premature on the date it was filed and granted LSA-C.C.P. art. 2083, supra, {Palgrave, supra), the trial court was not divested of jurisdiction to so grant the new trial. Contrast Johnson v. Johnson, 473 So.2d 112 (La.App. 3 Cir.1985), in which the court found appellant waived her motion for new trial when she subsequently filed for an appeal and thereafter the trial court had no jurisdiction to entertain the new trial proceedings. In the present case, the motion for new trial and the appeal were taken by opposing parties, so no waiver can be inferred. It follows that once the new trial was granted, the judgment sought to be appealed has been held in abeyance under LSA-C.C.P. art. 1971.
This appeal never having been perfected, we are without jurisdiction to entertain it. Appellant requests this Court to pretermit or hold the dismissal in abeyance since the error is not imputable to him and cites LSA-C.C.P. art. 2161.[2] We do not dismiss the appeal due to irregularities as is addressed in that article, but on a jurisdictional basis. A final appealable judgment is *1213 not present in this case to form the basis of an appeal.
For the foregoing reasons, the appeal in this matter is dismissed without prejudice. Costs are assessed against appellant.
APPEAL DISMISSED.

. LSA-C.C.P. art. 2083 reads as follows:
A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

. LSA-C.C.P. art. 2161 states:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.