J2SHORTESS, Judge.
David F. Hollingsworth, III (plaintiff), was injured on December 17, 1988, in Lafourche Parish, Louisiana, when the pickup truck he was operating collided with a truck operated by Alphonse Broomfield and owned by Broomfield’s employer, Nick Martinolich, Inc. (Martinolich). Plaintiff sued Broomfield, Martinolich, and its insurers, American General Fire & Casualty Company and Northern Insurance Company. His wife, Katherine U. Hollingsworth,[1] and children, David F. Holl-ingsworth, IV, and Rebecca Elizabeth Holl-ingsworth, joined in the suit seeking damages for loss of consortium. (The Hollings-worth family will sometimes be referred to collectively as plaintiffs.) Aetna Casualty and Surety Company (Aetna) intervened in the suit seeking to recover the amount of worker’s compensation benefits it paid plaintiff.
Numerous pretrial evidentiary rulings were made by the trial court. Defendants invoked this court’s supervisory jurisdiction on one of those rulings, and this court reversed the ruling in part.[2] The case was tried before a jury. The jury found plaintiff and Broomfield were each 50% at fault but *833 further found plaintiff suffered no injury as a result of the accident. The trial court entered judgment in accordance with the jury’s verdict and dismissed plaintiffs’ claims. Plaintiffs and Aetna then moved for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied the motion for JNOV but granted a partial new trial on the issues of causation and damages. However, the trial court refused to grant a new trial on the issue of liability. Defendants applied to this court[3] and to the Louisiana Supreme Court[4] for supervisory | awrits on the granting of the partial new trial, but those writ applications were denied.
Plaintiffs appealed, contending that the prior evidentiary ruling of this court on defendants’ supervisory writ was erroneous, that the trial court erred in failing to grant a new trial on all issues, and that the jury’s finding that plaintiff was 50% at fault in the accident was manifestly erroneous. However, we cannot reach these issues because plaintiffs’ appeal is premature and we are without jurisdiction to entertain it.
Louisiana Code of Civil Procedure article 1971 provides in pertinent part: “If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.” The Louisiana Supreme Court has interpreted this sentence to mean that in the absence of clear and compelling reasons to do otherwise, the entire judgment should be held in abeyance until all issues have been resolved by the trial court. Thurman v. Star Electric Supply, 283 So.2d 212 (La.1973). In Thurman, the court stated: 283 So.2d at 217. See also Hare v. Hodgins, 618 So.2d 1210 (La.App. 5th Cir.1993); Lesniewski v. Lesniewski, 595 So.2d 361 (La. App. 2d Cir.1992); Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir.1975).
It is true that the implication from reading C.C.P.1971 alone seems to be that if a new trial is granted on one issue (for example, liability under C.C. art. 2315), the judgment on other issues (quantum, etc.) might become “final” unless the judge orders “the judgment ... held in abeyance ... [.]” This implication of the literal provisions of C.C.P.1971 is simply not workable....
Since there is no final judgment in this case, the appeal of the partial judgment is premature and will be deferred until after the new trial is held on the issues of causation and quantum. If an appeal is taken after such proceedings, this court will be in a position to consider the entire case.
For these reasons, plaintiffs’ appeal is dismissed without prejudice. Costs of appeal are assessed against plaintiffs.
APPEAL DISMISSED.

. Mrs. Hollingsworth’s name is spelled "Katherine” in the petition but is spelled “Katharine” elsewhere in the record.

. Hollingsworth v. Broomfield, 92-1893 (La.App. 1st Cir. 10/9/92).

. Hollingsworth v. Broomfield, 93-0178 (La.App. 1st Cir. 11/8/93).

. Hollingsworth v. Broomfield, 633 So.2d 170 (La. 1994).