813 So.2d 595 (2002)
Victoria T. GIRARD
v.
COURTYARD BY MARRIOTT and Zurich-American Insurance Company.
No. WCA 02-105.
Court of Appeal of Louisiana, Third Circuit.
March 27, 2002.
*596 Peter C. Piccione, Sr., Lafayette, LA, for Plaintiff/Appellant.
John J. Rabalais, Janice B. Unland, Rabalais, Unland & Lorio, Covington, LA, for Defendants/Appellees.
Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
COOKS, Judge.
In this workers' compensation suit, Judgment for the Defendants-Appellees was rendered and signed on August 17, 2001, granting their motion for summary judgment on the basis of forfeiture of benefits based upon fraud pursuant to La.R.S. 23:1208 and dismissing Plaintiff's-Appellant's claims for benefits under the Workers' Compensation Act. The notice of judgment in this matter was mailed on the same date. On October 19, 2001, Plaintiff filed a motion for devolutive appeal, and an order granting the appeal was signed on the same date. Plaintiffs appeal has been lodged with this court. Defendants-Appellees filed a motion to dismiss Plaintiffs appeal, contending that Plaintiffs motion for appeal, which was filed sixty-three (63) days after the mailing of the notice of judgment, was untimely.
La.R.S. 23:1310.5(B) provides:
The decision of the workers' compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter.
By Acts 2001, No. 361, Section 1, the legislature amended La.R.S. 23:1310.5(B) by deleting "not" following "shall" in the final sentence of subsection B, effective August 15, 2001. As the signing of the *597 judgment and mailing of notice thereof in the instant suit occurred subsequent to the amendment's effective date, the amended version affording litigants the right to move for a new trial applies to the instant suit.
La.Code Civ.P. arts. 2087 and 2123 provide that the thirty/sixty days delay periods for taking appeals commence to run upon the expiration of the seven days delay, exclusive of legal holidays, for applying for a new trial as provided in La.Code Civ.P. art. 1974. Because there was no right to a new trial in workers' compensation cases prior to the amendment of La. R.S. 23:1310.5(B), these Code of Civil Procedure articles were not implicated in determining the timeliness of appeals taken of workers' compensation cases; the controlling commencement dates of the running of the appeal delays as specifically set out in the statute and left unchanged by the amending act were consistent with the pre-amendment version of the statute which disallowed a motion for new trial in workers' compensation cases. It can be said that pre-amendment La.R.S. 23:1310.5(B) contained an exception to the general procedural articles concerning appeal delays, in accord with its exceptional provision that "[m]otions for new trial shall not be entertained in disputes filed under this Chapter." (Emphasis added)
Amended section La.R.S. 23:1310.5(B), while providing for a right to seek a new trial in workers' compensation cases, contains no provision for a delay period within which a motion for new trial may be filed and disposed of during which the finality of the original judgment is held in abeyance for purposes of the running of appeal delays. Therefore, we find the amendment providing a right to seek a new trial to be in conflict with the earlier enacted provision which provides that "[t]he delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment" in a workers' compensation case.
A conclusion that the amendment has no effect on the appeal delays as set forth in the statute is in direct contradiction of La.Code Civ.P. art. 2088 and will lead to absurd consequences regarding jurisdiction. La.Code Civ.P. art. 2088 provides for the divestiture of jurisdiction of the lower court over all matters reviewable under an appeal and attachment of jurisdiction to the appellate court on the granting of an order of appeal. A literal reading of section 1310.5(B), as amended, provides for a situation where litigants may have their case pending before the Office of Workers' Compensation on a timely filed motion for new trial and concurrently pending before the appellate court on an order of appeal.
In such a situation, an appeal by an opposing party is subject to dismissal on grounds of prematurity and lack of jurisdiction of the appellate court. Hare v. Hodgins, 618 So.2d 1210 (La.App. 5 Cir. 1993); See, also, Billeaud v. Perry, 336 So.2d 539 (La.App. 3 Cir.1976); Palgrave v. Tallieu, 483 So.2d 678 (La.App. 5 Cir. 1986). Furthermore, where a litigant obtains an order of appeal, his right to request a new trial is considered waived or abandoned by virtue of his appeal. Johnson v. Johnson, 473 So.2d 112 (La.App. 3 Cir.1985); Mouton v. Mosley, 448 So.2d 893 (La.App. 3 Cir.1984). Consequently, in such a case, a literal reading of La.R.S. 23:1310.5(B) yields the absurd result that a party in a workers' compensation case who wishes to preserve his right to appeal by timely filing therefor necessarily waives his right to a new trial, unless the motion for new trial is disposed of by the office of workers' compensation and a subsequent motion for appeal is filed before the expiration *598 of the thirty/sixty days delay period for seeking an appeal as set out in section 1310.5(B). A strict literal reading in such a situation nullifies the effect of the provision for filing a motion for new trial and effectively decreases the thirty/sixty days for appeal set out in the statute.
We reject a strict literal interpretation of La.R.S. 23:1310.5(B) which fails to give the fullest possible effect to both provisions, particularly to the more recently enacted provision, contained within the statute. We think both fairness to litigants and judicial efficiency and economy require a different procedural consequence of the right to seek a new trial in workers' compensation cases than the inconsistencies we find in a strict literal interpretation of La.R.S. 23:1310(B), as amended. The statute does not provide for a delay period for filing the motion for new trial and it conflicts with La.Code Civ.P. arts. 2087, 2088 and 2123, which deal with jurisdiction on appeal and appeal delays which are dependent upon the delay for application for new trial.
Where two statutory provisions conflict, general principles of statutory construction require that laws in pari materia be construed together and harmonized, if possible. La.Civ.Code art. 13; Killeen v. Jenkins, 98-2675 (La.11/5/99), 752 So.2d 146. Later laws may impliedly repeal or modify contrary provisions in earlier enactments. Rue Lafayette Mortg. Corp. v. Wenger, 366 So.2d 1059 (La.App. 1 Cir.1978).
In light of the legislature's silence as to the length of the delay for applying for a new trial and pursuant to our application of general principles of statutory interpretation, we find it fair and reasonable to read into the statute the interrelated Louisiana Code of Civil Procedure provisions establishing delay periods for applications for new trial and appeals. Our reading of the statute gives full effect to the most recently enacted provision affording litigants the right to seek a new trial in workers' compensation cases. Absent legislative expression of a contrary intention, we conclude that the applicable delay for applying for new trial in workers' compensation cases is that set forth in La.Code Civ.P. art. 1974. Once the delay for applying for new trial has lapsed, the litigants are afforded the right to appeal suspensively or devolutively within the thirty/sixty days delays, respectively, in accord with the applicable Louisiana Code of Civil Procedure articles and the second and third sentences of La.R.S. 23:1310.5(B).
We note that no motion for new trial has been filed in the instant suit. However, to conclude that the delay periods, as set forth above, only apply in those instances where new trial is sought, and not otherwise, would create further inconsistencies and promote judicial inefficiency and lack of economy by encouraging motions for new trial where they might otherwise not have been sought.
Accordingly, we find that Plaintiff's-Appellant's appeal is timely and will, therefore, be maintained.
MOTION TO DISMISS DENIED.