| Jfhe claimant, Edith Davis, has filed a motion to dismiss as untimely this appeal by Wal-Mart from a judgment of the Office of Workers’ Compensation (OWC). In this matter, the OWC signed a judgment in favor of the claimant on December 8, 2008, and notice of that judgment was mailed to the parties on December 10, 2008. Wal-Mart did not file a motion for new trial; it filed a motion for appeal on February 13, 2009. The claimant urges that this motion was untimely under the provisions of La. R.S. 23:1310.5.
 

 Wal-Mart’s memo in opposition to the motion to dismiss cites
 
 Jones v. General Motors,
 
 37,167 (La.App.2d Cir.4/9/03), 847
 
 *64
 
 So.2d 6,
 
 reversed in part on other grounds; Jones v. General Motors Corp.,
 
 2003-1766 (La.4/30/04), 871 So.2d 1109, as authority for the proposition that the ordinary rules of civil procedure apply in workers’ compensation cases and the seven day delay allowed for filing a motion for new trial is added to the delay for taking a devolutive appeal. As a general proposition, the ordinary rules of civil procedure do apply in the OWC. LAC 40:I:6601 provides:
 

 Unless otherwise provided for in these rules, any practice or procedure not in conflict with either the Workers’ Compensation Act or these rules will be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure.
 

 However, the Workers’ Compensation Act and the OWC rules differ in a number of ways from the ordinary rules of civil procedure, and one of those differences is in the appeal delay period. La. R.S. 23:1310.5 provides, in part:
 

 B. The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an ap-pealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
 

 | ⅞At the time
 
 Jones
 
 was decided in early 2003, the OWC had only recently begun to allow parties to file motions for new trial. Up until August 15, 2001, motions for new trial were expressly forbidden in workers compensation cases. However, the rule for the time for appeal under La. R.S. 23:1310.5 did not address the effect of the delay for filing the motion for new trial; and jurisprudence, including
 
 Jones, supra,
 
 and
 
 Girard v. Courtyard by Marriott,
 
 2002-105 (La.App. 3rd Cir.3/27/02), 813 So.2d 595, interpreted La. R.S. 23:1310.5 as applying the ordinary delays supplied by the Code of Civil Procedure taking into consideration the time delay during the pendency of a motion for new trial.
 

 After those cases, the legislature responded in 2003 [Acts 2003, No. 709] by adding the last sentence to La. R.S. 23:1310.5, as follows:
 

 The delay for filing an appeal
 
 when a motion for new tried has been filed
 
 shall be governed by the Louisiana Code of Civil Procedure.
 

 Emphasis added. The amended law, which partly legislatively overruled the
 
 Jones
 
 and
 
 Girard
 
 interpretations of La. R.S. 23:1310.5(B), now makes a clear distinction between cases where no motion for new trial is filed and those where a party files a motion. The customary delays-allowed for new trials and appeals in ordinary civil cases only apply in a workers’ compensation case when a party actually files a motion for new trial. In workers’ compensation eases where no motion for new trial is filed, the delay for appealing does not incorporate any delay for filing a motion for new trial.
 

 Notice of judgment was mailed to the parties on December 10, 2008. Thereafter, Wal-Mart did not file a motion for new trial. Therefore, starting the count on the day after December 10, the sixty days for this devolutive appeal under La. R.S.
 
 *65
 
 23:1310.5(B) elapsed on February 8, 2009. Because that day was a Sunday, the employer had until February 9, 2009, to file an appeal. Since the motion for appeal was not filed until February 13, 2009, it was untimely. Accordingly, Wal-Mart’s appeal is hereby dismissed.