DREW, J.
 

 |]The judgment finding that Supplemental Earnings Benefits were paid timely and denying Ricky Jimmerson’s request for penalties and attorney fees was signed on December 8, 2009. Notice of judgment was mailed to the parties by certified mail on December 8, 2009. A motion for appeal was filed by Ricky Jimmerson on February 15, 2010. The Shaw Group argues in its “Memorandum in Opposition to Devolu-tive Appeal” that Jimmerson’s appeal is untimely under La. R.S. 23:1810.5.
 

 La. R.S. 23:1310.5(B) provides, with our emphasis added:
 

 The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
 

 In
 
 Davis v. Wal-Mart Stores, Inc.,
 
 44,621 (La.App.2d Cir.4/22/09), 11 So.3d 63,
 
 writ denied,
 
 2009-1012 (La.6/19/09), 10 So.3d 744, this court concluded that the customary delays allowed for new trials and appeals in ordinary civil cases apply in a workers’ compensation case only when a party actually files a motion for new trial. When no motion for new trial is filed in a workers’ compensation case, the delay for appealing does not incorporate any delay for filing a motion for new trial.
 
 Id.
 

 Jimmerson did not file a motion for new trial. Therefore, his appeal is untimely under La. R.S. 23:1310.5 and is dismissed.
 

 | ¡We note that the “Notice of Signing Judgment” sent by the Office of Workers’ Compensation states:
 

 If no Motion for New Trial is filed and you disagree with this judgment you must file an appeal. If you do not file an appeal within the time delays allowed by law pursuant to La. C.C.P. Arts 2087 and 2123, this judgment will become final.
 

 This language is misleading and would likely lead a
 
 pro se
 
 claimant astray. If this is standard language that is used in the Office of Workers’ Compensation’s notices of judgment, then it needs to be changed to accurately reflect La. R.S. 23:1310.5(B).
 

 DECREE
 

 At Jimmerson’s cost, the appeal is DISMISSED.